## SIEBERT v. SMITH

### No. 2671

October 5, 1925.                                      239 P. 396.

1. COURTS—RECOVERY ON QUANTUM MERUIT NOT PRECLUDED BY SUS-
    TAINING DEMURRER TO CAUSE OF ACTION FOR BREACH OF
    CONTRACT.
        That sustaining of demurrer to cause of action for breach
    of employment contract established as law of case that con-
    tract was too indefinite and uncertain to be enforced did not
    preclude recovery on second cause of action for services
    rendered thereunder on quantum meruit, and court erred in
    excluding evidence of value of such services.

See 15 C. J. sec. 359, p. 962, n. 39; 40 Cyc. p. 2825, n. 14.

APPEAL from Second Judicial District Court, Washoe
County; Geo. A. Bartlett, Judge.

Action by Fred J. Siebert against E. C. Smith. Judg-
ment for defendant and plaintiff appeals. **Reversed.**
**Rehearing denied.**

John D. Hoyt, for Appellant:

Though contract be unenforceable for indefiniteness,
either party furnishing goods or money, or performing
services under such contract, may recover reasonable
value thereof.    Promise to pay reasonable value is
implied.    1 Page on Contracts, 155;    Washington Co. v.
Moss, 96 Atl. 273;    6 R. C. L. 590.

Wm. M. Kearney, for Respondent:

Plaintiff cannot hope to win on quantum meruit when
he already agreed upon value of his alleged services.
Failure to obtain what he claims he agreed to take was
due entirely to his lack of diligence.    Having failed to
obtain stock on demand prior to three years from date
of alleged contract he now seeks to have court make new
contract for him and fasten new liability on defendant.
One cannot recover on quantum meruit when he declares
on express contract.    Rubino v. Scott, 22 N. E. 1103;
Swarthout v. Lucas, 60 N. W. 306.

It is error to admit evidence of value of services
shown to have been furnished under contract.    Flading
v. Dawson, 43 P. 1107.

If proof shows special contract for stipulated price, action on implied contract to recover reasonable value shows fatal variance. Bradley v. Harter, 60 N. E. 139.

If agreement is to be carried out by defendant in some other way than by payment of money, general rule is that it must be declared on specially. Nubent v. Teachout, 35 N. W. 254.

## OPINION

By the Court, COLEMAN, C. J.:

This is an action to recover judgment in the sum of $650. The complaint contains two causes of action. The first cause of action is upon an alleged breach of contract. The second cause of action is on quantum meruit for services rendered. The defendant demurred to the two causes of action separately and to the complaint as a whole, urging as to the first cause of action that the contract alleged was too indefinite and uncertain to be enforceable, and hence it failed to state facts sufficient to constitute a cause of action.

The court sustained the demurrer to the first cause of action, but overruled it as to the second cause of action and to the complaint as a whole.

The case was tried to the court upon the second cause of action. Upon the trial the plaintiff gave testimony establishing the agreement pleaded in the first cause of action, supplementing such testimony with testimony showing that he had rendered the services alleged to have been agreed upon to be performed by him. Plaintiff then offered testimony to establish the value of the services claimed to have been rendered. This line of testimony was objected to by counsel for the defendant upon the ground that the plaintiff had by his evidence established a contract and that he could not recover upon the quantum meruit. The court sustained the objection, whereupon the plaintiff rested his case. The defendant moved for a nonsuit, which was granted, and judgment was entered thereupon in favor of defendant. Plaintiff has appealed.

It being the law of the case, pursuant to the ruling on the demurrer, that the contract was too indefinite and uncertain to be enforceable, we think the court erred in sustaining the objection to the tendered testimony offered to prove the value of the services. Under the evidence given the defendant had received the benefit of the services of the plaintiff as a mining engineer. The mere fact that the contract is too indefinite and uncertain to be enforced should not preclude a recovery upon quantum meruit. Upon what theory of law, ethics, morality, or good conscience should the defendant be permitted to receive the services of the plaintiff under an enforceable contract, and then say that merely because the contract is too indefinite to be enforced that he can reap the benefit of plaintiff's labor without paying for it? We cannot give our approval to such a contention.

In the case of Washington, B. & A. R. Co. v. Moss, 127 Md. 12, 96 A. 273, where this question was before the court, it was said:

"Although we have found it necessary to declare the contract sued upon invalid for the purpose of sustaining an action, yet, nevertheless, we are strongly of the opinion that, if the facts are as testified to by the appellee and his witnesses, the appellee is not without a remedy. If he were, it would be a sad reproach upon the law. Still, of course, assuming the truth of the facts as established by the appellee, we have on one hand a man giving his efforts and time in securing a thing of value for another in addition to giving up that which may have had value to him, with the expectation of full compensation for his efforts and sacrifices, and, on the other hand, a party, freely accepting and enjoying these, but unwilling to pay therefor."

The rule is stated in 6 R. C. L. 590, as follows:

"The mere fact that the parties have attempted to make an express contract but have not succeeded in making it enforceable with respect to some of its terms does not prevent the implication of a promise to pay for benefits conferred thereunder. The generally recognized

doctrine is that it does not follow from the fact that a contract is invalid because the minds of the parties did not meet as to some of the essential terms thereof, either because of a mutual mistake or uncertainty therein, that a party thereto who furnishes material or renders services to the other party, relying upon the terms as he understood them, is without a remedy. In such case a promise to pay the reasonable value of the materials or services is implied."

In Lapham v. Osborne, 20 Nev. 168, 18 P. 881, it is said:

"It is well settled that for labor and services performed under a contract declared void by the statute of frauds recovery on quantum meruit may be had."

See, also, Harwood v. Carter, 47 Nev. 334, 222 P. 280.

The rule stated is approved by an overwhelming weight of authority. Clark on Contracts (3d ed.), p. 650; 1 Page on Contracts, sec. 107; Vickery v. Ritchie, 202 Mass. 247, 88 N. E. 835, 26 L. R. A. (N. S.) 810, and extensive notes.

For the error pointed out, it is ordered that the judgment be reversed.