## COLYER v. LAHONTAN MINES COMPANY

### Nos. 2965, 2968

April 5, 1933.                    20 P. (2d) 654.

*W. M. Kearney,* for Al Colyer.

*Thatcher & Woodburn,* for Lahontan Mines Co.

## OPINION

By the Court, COLEMAN, J.:

In his petition for a rehearing plaintiff asserts that we misconstrued the legal effect as well as the express wording of the second cause of action alleged in the complaint in this case, and that we entirely overlooked the admission in the answer of the defendant to the effect that it expressly admits the services alleged in

said cause of action to have been rendered to be worth the sum of $2,500.

If such be the fact we are utterly incapable of construing pleadings. The second cause of action reads:

I

"That at the special instance and request of defendant the plaintiff performed services for the defendant as a broker in finding a buyer for the said defendant's mining property situate in the Ramsey Mining District, Lyon County, Nevada, described as follows:

"All the mines and mining claims, mill and mill sites, water and water rights and pumping plants and personal property of every kind within, upon or contiguous to any of said mines, mill sites, water rights and pumping plants on the 6th day of December, 1923, owned by the said defendant in the Ramsey Mining District, County of Lyon, State of Nevada.

"That the plaintiff found a purchaser for the said above described mining property for the defendant and the said property was sold to one John Reinmiller through the efforts of plaintiff for the sum of Sixty Thousand Dollars ($60,000.00); that the reasonable value of said service was and is the sum of Six Thousand Dollars ($6,000.00), no part of which has been paid and all of which is still due, owing and unpaid from the defendant to the plaintiff herein notwithstanding demand has been made upon the defendant to pay the same.

II

"That according to information and belief at all times herein mentioned the defendant was and now is a corporation organized and existing under and by virtue of the laws of the State of Nevada having its principal place of business at Reno, Washoe County, Nevada."

The answer to the second cause of action reads:

"Answering Paragraph I of said second cause of action, defendant specifically denies each and every allegation therein contained.

"Answering Paragraph II of said second cause of

action, defendant admits the allegations therein contained."

Thus it appears that the allegation of the value of the service, contained in paragraph one of the second cause of action, is denied in paragraph one of the answer to the said cause of action.

The petition reads:

"In the opinion of the Court * * * the Court say:

" 'The second cause of action is to recover $6,000 on the quantum meruit for the services rendered in selling the property mentioned.'

"That is not the allegation of the complaint in the second cause of action. The allegation is that:

" 'At the special instance and request of defendant the plaintiff performed services for the defendant as a broker in finding a buyer for the said defendant's mining property.'

"Again on page 3 of the opinion of the Court, in the next to the last paragraph, the Court say: ·

" 'The plaintiff sued to recover for services rendered in selling the property mentioned, and not for service rendered in obtaining one to enter into an option to purchase.'

"It is respectfully submitted that is not a correct interpretation of the second cause of action particularly in the light of the evidence which shows the transaction, and that it was contemplated by the parties at the time of entering into the transaction that nothing more than a special agreement respecting the sale of the property was desired or expected."

■ It seems, if counsel is correct, that we have been laboring for these many years—even from our "salad days"—under a grievous misapprehension as to what constitutes an action on the quantum meruit. It has always been our impression that where one employs another to render certain services and no agreement is made as to his compensation, the law implies a promise that the employer will pay as much as the services rendered are worth, and that an action to recover for

such services is known as an action on the quantum meruit.

We never supposed that the evidence in a case could be considered in construing a pleading, and, notwithstanding the contention, we think the following authorities sustain our original statement that the second cause of action is on the quantum meruit: Bouvier's Law Dictionary; Wharton's Law Dictionary; 51 C. J., p. 116.

Frankly, we do not quite understand how it could benefit plaintiff even if we were in error in stating that the second cause of action is on the quantum meruit.

Counsel also says:

"If it were not for the fact that the written memorandum respecting the services of the plaintiff expressly provides for the very kind of a transaction which the defendant entered into with Mr. Reinmiller the plaintiff would not even take the trouble to file suit in the face of former decisions of this court respecting option contracts, but we do in this instance respectfully submit that the following language of the memorandum takes it out of that class:

" 'The second party shall endeavor to secure a buyer for the property owned by the first party and the terms of sale shall be subject to a special agreement by the buyers and the first party.' "

It is contended that the words: "and the terms of sale shall be subject to a special agreement by the buyers and the first party," admit of no other construction "than that the defendant was satisfied with the services of plaintiff and concluded its special terms with the man produced by the endeavors of the plaintiff"; hence it is contended that plaintiff fulfilled his agreement to find a buyer.

We are unable to accept the contention. By the language used the defendant agreed to pay a commission in case of the finding by plaintiff of a buyer. The finding of a buyer was the sine qua non to the earning by plaintiff of his commission. The sale had to be upon special conditions agreed upon between the buyer and the first

party to the contract (defendant). If no special agreement could be entered into there could be no sale, hence no buyer. The defendant was anxious to make an unconditional sale for cash, but Reinmiller testified that he would enter into no agreement to pay cash, except upon the conditions embodied in the written agreement. In this situation can it be said that plaintiff rendered services of value to the defendant, in view of the fact that no payment was ever made upon the property? We think not.

Counsel for plaintiff calls attention to our holding in the opinion in Siebert v. Smith, 49 Nev. 120, 239 P. 396, to the effect that when one receives the benefit of services he should, in good morals, be compelled to pay therefor. We adhere to that statement, but it has no application to the situation in hand. In the instant case the contract called for the payment of money upon an express condition: the finding of a buyer. None was found, and the defendant received no benefit from the transaction. Upon what theory of good morals should the defendant be called upon to pay? We can see none.

The petition is denied.