WILLIAM L. MORRISON, RONALD B. DALE AND EDWARD F. KILLIAN, APPELLANTS, *v.* RAYEN INVESTMENTS, INC., A CALIFORNIA CORPORATION, RESPONDENT.

No. 12166

February 25, 1981                                    624 P.2d 11

---

[2]The Governor designated The Honorable Llewellyn A. Young, Judge of the Sixth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, who was disqualified. Nev. Const., art. 6, § 4.

*Corn & Hardesty,* Reno, for Appellants.

*Fitzgibbons & Beatty,* Las Vegas, for Respondent.

## OPINION

By the Court, GUNDERSON, C. J.:

On June 23, 1976 appellants executed a document which expressed appellants' desire to purchase land owned by respondent. The document recited "[t]hat this deposit is taken [by the seller's real estate agent] subject to the approval of the Seller and said agent is irrevocably granted –15– days from date to obtain acceptance of this offer." It further specified that the seller's agent might extend time limits for performance of any act required by the document *". . . except for the time for acceptance by Seller and possession date."* (Emphasis added.)

On July 9, sixteen days later, respondent's president sent a telegram which appellants contend constituted an "acceptance." Respondent contends that the telegram, read with the document originally executed by appellants, did not define the parties' intent sufficiently to warrant specific performance. We need not, however, address this issue or several others which the trial court decided in respondent's favor.

The telegram containing appellants' alleged acceptance was not sent within the time limits specified in the document which appellants claim was an offer. It is a settled principle of contract law that, "the power to create a contract by acceptance of an offer terminates at the time specified in the offer, or, if no time is specified, at the end of a reasonable time." Restatement of the Law of Contracts, § 40(1). Thus, where an offer has expired by lapse of time, an attempt to accept is ineffectual to create a contract. *See, e.g.* Kurio v. United States, 429 F.Supp. 42, 64 (S.D. Tex. 1970). "An offeror who receives an acceptance which is too late or which is otherwise defective, cannot at his election regard it as valid. The late or defective acceptance is a counteroffer which must in turn be accepted by the original offeror to create a contract." Restatement of the Law of Contracts, § 73; *Kurio,* cited above.

Appellants contend, however, that if respondent's telegram merely constituted a counteroffer, then they nonetheless, by their subsequent actions, accepted the counteroffer. In particular, appellants argue that when respondent's nominal agent, Keller, had escrow instructions prepared in late July, and thereafter sent the instructions to respondent, Keller was acting in accord with their wishes and, in effect, as their agent.

In regard to this contention the district court specifically found that, "[n]one of the events subsequent to July 9, 1976 [the date respondent's telegram was sent], served to create any legal relationship between the parties." In our view, the record does not impel a contrary finding. Rather, it appears that the evidence presented to the district court may be interpreted to support either the appellants' contention or the trial court's finding.[1] In such circumstances this court has stated that,

---

[1]None of the appellants testified at the trial. Moreover, very little testimony either at the trial or in the deposition of Mr. Keller, which was admitted into evidence, concerned what the appellants and Keller did in regard to the alleged counteroffer telegram of 7/9/76. Such testimony as exists is presented hereafter:

*Testimony from Keller's deposition:*
"A.   My next step was to notify the purchasers that their offer had been accepted and to open an escrow with Washoe Title.
"Q.   Did you so notify the purchasers?
"A.   Yes, I did."

On examination by Mr. Fitzgibbons (the respondent's attorney):

"Q.   At no time did you, or did you at any time act as agent for the purchasers [appellants]?
"A.   No, I was working for the sellers.
. . .
"Q.   . . . the actions you took were exclusively on behalf of Rayen investments?
"A.   Yes."

[a]ny conflicts in testimony are to be resolved by the trier of fact. L. M. Enterprises, Inc. v. Kenny, 92 Nev. 653, 556 P.2d 547 (1976). Furthermore, where a trial court, sitting without a jury, makes a determination predicated upon conflicting evidence, that determination will not be disturbed on appeal where supported by substantial evidence. J & J Bldg. Contractors, Inc. v. Savage Constr., Inc., 92 Nev. 590, 555 P.2d 488 (1976).

Dickstein v. Williams, 93 Nev. 605, 608, 571 P.2d 1169 (1977).

The trial court's determination that no acceptance of a counteroffer occurred is supported by the evidence. Consequently, the judgment reached below will not be disturbed on appeal.

Affirmed.

MOWBRAY, MANOUKIAN, and BATJER, JJ., and McDANIEL, D. J.,[2] concur.

---

*Keller's testimony at trial:*

"I notified the buyers that there had been an acceptance, and then I opened up an escrow.

"I believe I only made one copy, and gave it [a copy of the 7/9/76 telegram] to Morrison and Dale [two of the appellants]."

On the basis of this testimony it was reasonable for the trial court to find, contrary to the appellants' contention, (1) that Keller was not their agent, (2) that he did not open the escrow on their behalf, (3) that he opened the escrow in the belief that he was furthering the contract which he mistakenly thought was created by the 7/9/76 telegram, and, (4) that, therefore, the appellants never, in the period post-7/9/76, technically or consciously expressed an assent to the terms of the counteroffer which Rayen had made to them by its belated telegram. Restatement of the Law of Contracts, § 52.

[2]The Governor designated The Honorable Joseph O. McDaniel, Judge of the Fourth Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON. Nev. Const., art. 6, § 4.