HELEN ALRICH, Appellant, v. STANLEY BAILEY, and SHERYL BAILEY, Husband and Wife, Respondents.

No. 11153

July 2, 1981                                          630 P.2d 262

*Manoukian, Scarpello & Alling, Ltd.,* Carson City, for Appellant.

*Breen, Young, Whitehead, Terzich & Belding, Chtd.*, Reno, for Respondents.

## OPINION

By the Court, GUY, D. J.[1]:

In 1961, Charles Steen purchased a parcel of land on the west side of old U.S. Highway 395 in Washoe Valley. The east section, contiguous to Highway 395, is now owned by the respondents, the Baileys, and the western section is now owned by the appellant, Alrich. In 1961, roads "A" and "B" then in existence were the means of access and egress from Highway 395 to Steen's property. In 1962, Steen constructed road "C" from the highway to his new residence.

In 1963, Steen executed a deed of trust encumbering the eastern parcel which included the section now owned by the Baileys. In 1966, the western parcel now owned by Alrich was likewise encumbered. In 1968, a foreclosure of the eastern section by the American Industrial Insurance Company severed the eastern and western parcels with Steen maintaining ownership of the western parcel. With the loss of the eastern parcel use of roads "A" and "B" was greatly curtailed. In 1973, the Baileys purchased the eastern parcel from a Mr. Noble, who

---

[1]The Governor designated the Honorable Addeliar D. Guy, Judge of the Eighth Judicial District Court, to sit in the place of THE HONORABLE NOEL MANOUKIAN, Justice, who was disqualified. Nev. Const., art. 6, § 4.

had acquired the property from the American Industrial Insurance Company around 1970.

In 1977, the western parcel of Steen's land was purchased by Alrich. While roads "A" and "B" could be seen from this parcel, they were not in continuous use as they had been before the first foreclosure. The Baileys had blocked roads "A" and "B" several times even though the barriers had to be replaced. The Baileys did permit the use of road "C" by Steen for ingress to and egress from their property.

Alrich brought suit in April of 1977 seeking an implied easement for all three roads, *i.e.,* roads "A", "B" and "C" across the Baileys' property. The district court found that there was not an automatic implied easement of roads "A", "B" and "C" created by the severance of the Steen property. The district court held that Alrich was entitled to a reasonable means of access to her property and awarded Alrich an easement on road "C" as her means of access. This appeal followed.

Easements may be created by express agreement, by prescription or by implication. An easement by implication is claimed in this matter. In Boyd v. McDonald, 81 Nev. 642, 647, 408 P.2d 717 (1965) we stated that:

> . . . the three essential characteristics of an easement by implication are (1) unity of title and subsequent separation by a grant of the dominent [sic] tenement; (2) apparent and continuous user; and (3) the easement must be necessary to the proper or reasonable enjoyment of the dominent [sic] tenement.

There is unity of title and subsequent separation of the dominant tenement.

There was conflicting testimony as to the apparent and continuous use of the roadways. The entire parcel of land became separated because of a foreclosure of a trust deed by the American National Insurance Company. Steen retained the larger parcel. The need and use of the three roadways had been greatly diminished. Occasional use was permitted by the American National Insurance Company. The successor of American National Insurance Company, a Mr. Noble, likewise initially gave permission for use of the roads to Steen, but this permission was later revoked because of a lack of reciprocal permission on a landlocked area owned by Mr. Noble.

Extreme hostilities existed between Steen and the Baileys. The Baileys would place obstacles in the roadways to prevent their use. Steen would cut the chain barricades and remove

other obstacles. The Baileys would erect other obstacles. One of the roadways had a pond constructed in the center of it to prevent the road from being used. The construction of a fence or otherwise blocking the roads may be considered as evidence of the interruption of apparent and continuous use. Talbot's, Inc. v. Cessnun Enterprises, Inc., 566 P.2d 1320 (Alaska 1977); Lang v. Jones, 535 P.2d 242 (Colo.App. 1975).

Boyd v. McDonald, *supra* at 649, n. 6, indicates that if an easement by implication is created it would be at the time of the original severance. The footnote also states, ". . . At most, a later sale by the original owner of both parcels might offer some indication of that owner's intent at the time he sold the first parcel."

The "original severance" application must not be construed in a vacuum. Other factors may be considered in determining whether the property was in apparent and continuous use. This is particularly so when the severance is accomplished by a forced sale or foreclosure. Not to consider other factors, when this occurs, could result in a harsh and unfair utilization of land.

The trial court heard the conflicting evidence and made its finding and determination that there was not apparent and continuous usage. Where there is substantial evidence to support the trial court's rulings, even if there is a conflict in the evidence, the trial court's conclusions will not be disturbed on appeal. Blanchard v. Nevada State Welfare Dep't, 91 Nev. 749, 542 P.2d 737 (1975); Sala & Ruthe Realty, Inc. v. Deneen, 89 Nev. 98, 507 P.2d 140 (1973).

For an easement to exist in addition to the unity of title, and the apparent and continuous use, the easement must be necessary to the proper or reasonable enjoyment of the dominant tenement. Again there was conflicting testimony before the trial court, as to the reasonable enjoyment of the Alrich property. The trial court found that roads "A" and "B" were neither reasonable nor necessary for enjoyment by Alrich of her property.

Expert testimony was presented to the effect that road "C" was sufficient for all the needs of the Alrich property and could be more safely used. Other expert testimony was introduced for

the proposition that the three "implied easements" would benefit the Alrich parcel slightly but would be a substantial detriment to the Baileys' parcel. Under these circumstances, we cannot find error with the district court's ruling.

Affirmed.

GUNDERSON, C. J., and SPRINGER and MOWBRAY, JJ., and ZENOFF, SR. J.,[2] concur.