GEORGE K. FOLSOM, Appellant, v. WOODBURN, WEDGE, BLAKEY· AND JEPPSON, CHARTERED, Respondent.

No. 14388

June 26, 1984                                    683 P.2d 9

*Guild, Hagen & Clark,* Reno, for Appellant.

*Eugene J. Wait, Jr.,* Reno, for Respondent.

## OPINION

*Per Curiam:*

This appeal arises from a dispute between appellant George K. Folsom and respondent Woodburn, Wedge, Blakey & Jeppson, Chartered, over the compensation due appellant upon his withdrawal from respondent law firm. Appellant was a name member of respondent law firm from 1969 until differences of opinion led to his departure on April 18, 1979. The parties disagree over whether appellant is entitled to a share of the accounts receivable, clients' advances and work in progress as of the date of his termination.

Under the employment agreement between respondent law firm and its members, compensation is determined by a formula which reflects the member's past earning capacity. According to this formula, the average of the fees paid to respondent law firm for services rendered by the member during the five years prior to the year in question is divided by the sum of the similarly computed averages for all members of the law firm. The resulting fraction constitutes the member's percentage of distributable cash income for the year. Respondent law firm keeps records of fees for services rendered by each member on a cash basis, giving no consideration to accounts receivable, clients' advances or work in progress. Respondent law firm used this formula to determine appellant's compensation for the period of January 1, 1979, through April 18, 1979. Appellant contends that apart from this sum he is also entitled

to a share of the fees received by respondent law firm for services rendered by him before April 18, 1979, but collected after that date.

It is undisputed that prior to 1977 appellant would have been entitled to a share of the fees collected after his departure. Originally the employment agreement contained paragraph 7, which provided that a terminating member and respondent law firm would effect a "fair and equitable accounting for unpaid services, work in progress and clients' costs incurred to such termination." Failing agreement, the parties would submit the matter to arbitration. Respondent law firm finding the provision too generous, in February, 1977, paragraph 7 was deleted from the employment agreement. All members, including appellant, initialed the deletion. Respondent maintains that the deletion constituted an agreement that members voluntarily leaving the law firm would not be entitled to any compensation other than that computed under the five-year formula. *See* Jacobson v. Best Brands, Inc., 97 Nev. 390, 632 P.2d 1150 (1981). Appellant contends, however, that the members orally agreed that the matter would be dealt with as it arose or else settled in court.

The district court found that after paragraph 7 was deleted, the agreement as modified provided that a terminating member was not entitled to any severance payments based on accounts receivable, work in progress and clients' advances. The court further found that while there were discussions regarding an alternative provision to replace paragraph 7, no agreement was ever reached. Conflicting evidence was presented to the district court regarding the members' intent in striking the provision and abandoning negotiations regarding its replacement. Where a trial court, sitting without a jury, makes a determination based on conflicting evidence, that determination will not be disturbed on appeal as long as it is supported by substantial evidence. Morrison v. Rayen Investments, Inc., 97 Nev. 58, 61, 624 P.2d 11, 13 (1981); Fletcher v. Fletcher, 89 Nev. 540, 542, 516 P.2d 103, 104 (1973). Since a review of the record discloses sufficient evidence to sustain the district court's findings, we decline to disturb them on appeal. Consequently the modified employment agreement does not entitle appellant to any compensation beyond that computed under the five-year formula; nor has appellant shown that an oral agreement pertaining to additional compensation existed. Since the modified employment agreement governs the compensation due to appellant

upon his termination, appellant cannot recover in quantum meruit. *See* Colyer v. Lahontan Mines Co., 54 Nev. 358, 17 P.2d 699 (1933).

To show that even after paragraph 7 was deleted, accounts receivable, work in progress and client's advances provided a basis for severance payments made to terminating members, appellant wished to introduce evidence of a settlement with a member who left the firm in December, 1979. The district court excluded the evidence as irrelevant and further as a compromise of a disputed claim. NRS 48.025; NRS 48.105. Appellant contends the evidence should have been admitted to show that, even after deletion of paragraph 7, it was routine practice for the respondent law firm to pay terminating members more than the compensation determined under the five-year formula. NRS 48.059. The general rule is that a single instance is not sufficient to prove routine practice. Wright & Graham, Federal Practice and Procedure, Evidence § 5276 (1980). The 1978 settlement was the only instance of respondent law firm's post-1977 practice proffered; accordingly, exclusion of the evidence did not constitute prejudicial error.

We have considered appellant's other contentions and have found them to be without merit. Accordingly, we affirm the judgment of the district court.