**Brent Wrenshall JACKSON, Plaintiff–Appellant,**

v.

**Bob JONES, Defendant–Appellee.**

No. 04–15850.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 17, 2006.\*

Filed Feb. 24, 2006.

Brent Wrenshall Jackson, Post Falls, ID, pro se.

Carmine J. Colucci, Esq., Carmine J. Colucci Chtd., Las Vegas, NV, for Defendant–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM \*\*

Brent Jackson ("Jackson") appeals the grant of Bob Jones's ("Jones") motion to dismiss under Rule 12(b)(6) of Civil Procedure.

Jackson alleges he heard Jones make the following statement during a radio broadcast: "I'll give anybody a million dollars if they can find where it says Cain is the son of Adam in the scriptures because it is not there." He also alleges that, approximately two-and-a-half months later,

he sent Jones Biblical passages that met Jones's challenge.

Assuming, without deciding, that the offer was initially valid, its validity dissipated "at the end of a reasonable time." *Morrison v. Rayen Invs., Inc.,* 97 Nev. 58, 60, 624 P.2d 11 (Nev.1981) (power to create a contract by accepting an offer terminates at a reasonable time if no time is specified). It is unreasonable to assume that an offer of this type would be considered open for over two months.

Jackson's claim that transfer of venue was erroneous because Title 28 of the United States Code was not validly enacted into law is without merit. *See* Act of June 25, 1948, ch. 646, 62 Stat. 869 (1948) (enacting Title 28 into law); *Ryan v. Bilby,* 764 F.2d 1325, 1328 (a failure to enact a title into "positive law" does not render the underlying enacted invalid) (citing 1 U.S.C. § 204(a)).

Jackson attempted to amend his complaint after the judgment by filing a motion under Rule 59(e) of Civil Procedure. Rule 59(e) deals with amending a *judgment,* not a complaint. The district court was within its discretion to deny the motion because Jackson provided no new evidence, cited no intervening change in controlling law, and the court's decision was not clearly erroneous or manifestly unjust. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.