OPINION
 

 Per Curiam:
 

 Appellant Robert L. Brooks instituted a district court action seeking declaratory and injunctive relief with respect to a strip of land owned by respondents Robert and Angela Bonnet, on which he had built a driveway. At issue in this case is whether Brooks possessed an express easement, easement by necessity, or residual easement over that strip of land. We conclude that Brooks did not possess an easement and therefore was not entitled to the declaratory or injunctive relief that he sought.
 

 FACTS AND PROCEDURAL HISTORY
 

 Originally, the two pieces of land involved in this dispute were part of a larger parcel of land. The deed to the larger parcel of land, which was filed in 1952, contains a grant to the City of Reno
 
 *374
 
 of an easement for a public road.
 
 [1]
 
 The subsequent deeds creating the two smaller pieces of land involved in this dispute, Parcel 4 and Parcel 5, contain grants of easement almost identical to the public road easement granted to the City of Reno in the 1952 deed. In addition, a parcel map filed in 1975, Parcel Map 191, indicates the existence of the public road easement.
 
 [2]
 

 Brooks purchased Parcel 5 in 1986. In 1992, he obtained an encroachment permit from the Nevada Department of Transportation (NDOT) to build a driveway over the land allotted for the easement. The encroachment permit allowed Brooks to “[c]onstruct [a] 25' access rd. to McCarran Blvd. for single Family use.” It further specified that the driveway was “limited for single family residence use of lots #4 and 5.” In 2001, the Bonnets purchased Parcel 4. They subsequently constructed a fence that blocked Brooks’ access to the driveway.
 

 Thereafter, the Bonnets applied for abandonment of the deeded roadway. The City of Reno subsequently officially abandoned any interest it had in the right of way for a public road created by the 1952 deed. In March 2002, Ms. Bonnet requested that NDOT revoke Brooks’ encroachment permit. NDOT rescinded the encroachment permit pursuant to Ms. Bonnet’s request but later reinstated it based on the belief that Brooks held a “deeded private easement” that he could use “regardless of the abandonment of the public easement.”
 

 Brooks subsequently filed suit seeking a declaration that he enjoyed either an express or implied easement over the Bonnets’ parcel. He correspondingly sought injunctive relief preventing the Bonnets from interfering with the claimed easement. According to Brooks, because his “main, legal and most convenient 50' access was to McCarran Blvd. through the BONNET parcel pursuant to the original deeded easement and Parcel Map 191,” he should be permitted to use the road. The Bonnets counterclaimed to quiet title to their land. The district court initially granted the Bonnets’ motion for summary judgment, quieting title to them. However, it then granted Brooks’ motion to reconsider that determination on the limited issue of whether Brooks held an implied easement. After conducting a bench trial with respect to the implied easement issue,
 
 [3]
 
 the district court determined that Brooks did not possess an
 
 *375
 
 easement and entered a judgment quieting title to the Bonnets. This appeal followed.
 

 On appeal, Brooks claims that the district court erred in refusing to grant him easement rights and that he is entitled to injunctive relief, precluding the Bonnets from interfering with his purported easement rights. We disagree with Brooks and affirm the district court’s decision.
 

 DISCUSSION
 

 Brooks contends that he has the right to use the driveway he built over the Bonnets’ property because he held either an express easement appurtenant, an easement by necessity, or a residual easement. He also contends that, based on his purported easement rights, he is entitled to injunctive relief. We address these arguments in turn.
 

 Express easement
 

 Brooks argues that he holds an express easement appurtenant over the driveway that crosses the Bonnets’ parcel, Parcel 4. In this, he cites a number of cases from other jurisdictions for the proposition that an express conveyance of an easement may be made by written deed and, in such cases, courts should give effect to the intent of the parties.
 
 [4]
 
 In addition, he argues that an express easement may only be extinguished by consent, prescription, abandonment by the user, or merger.
 
 [5]
 
 Brooks asserts that, as none of those circumstances existed here, he still holds a permanent, express easement appurtenant.
 

 In Nevada, an easement may be created by express agreement, prescription, or implication.
 
 [6]
 
 The scope of an express easement is determined by the terms used to create it. As with any other contract, courts must interpret the specific language of the instrument creating the easement to identify the easement’s scope.
 
 [7]
 
 Accordingly, unless extrinsic evidence was admitted to aid in construing the language in the instrument creating the easement, which is not
 
 *376
 
 the case here, the interpretation of the conveyance is a question of law subject to de novo review.
 
 [8]
 
 Here, the 1952 deed undoubtedly granted the City of Reno an easement in the form of a limited right to build a public road, but neither the 1952 deed, subsequent deeds, nor Parcel Map 191 granted Brooks any easement rights. Accordingly, even if we agreed with Brooks that the alleged easement in this case has not been extinguished, only the City of Reno would possess express easement rights. None of the instruments here grant Brooks an easement. As a result, we conclude that Brooks did not hold an express easement appurtenant over Parcel 4.
 

 Easement by necessity
 

 Brooks claims that he has an implied easement by necessity over Parcel 4 because (1) there was prior common ownership of Parcels 4 and 5, and (2) an easement was necessary at the time of severance. He further asserts that he is entitled to use the easement because the Bonnets are using the strip of land and Brooks’ use will, therefore, not diminish their property value. Brooks also contends that it would be inequitable for the Bonnets to enjoy the use of an easement that he improved.
 

 We noted in
 
 Jackson v.
 
 Nash
 
 [9]
 
 that an easement by necessity exists if (1) there is prior common ownership of the land benefited by the easement and the land burdened by the easement and (2) the easement is reasonably necessary to use the land the easement benefits.
 
 [10]
 
 We further recognized that “[e]asements by necessity are most often created where a possessor of land has no access to any public roadway except by way of passage through the servient estate.”
 
 [11]
 
 In an easement action, “[t]he burden of proof is upon the one who seeks to impose the way of necessity.”
 
 [12]
 
 With respect to the burden of proof we stated that
 

 [wjhile a showing of reasonable necessity does not require that the passageway be the only one available,
 
 something sig
 
 
 *377
 

 nificantly greater than inconvenience to the party claiming the easement must be shown.
 
 Although substantial inconvenience is a factor, it must be weighed against the burden and possible damage that could result from imposing an easement across another’s property.
 
 [13]
 

 Moreover, “[although an implied easement arises [by necessity] by operation of law, the existence of an implied easement is generally a question of fact.”
 
 [14]
 

 We conclude that Brooks’ argument is without merit. In this, we determine that to demonstrate reasonable necessity the party claiming the easement must show both necessity at the time of severance and
 
 present necessity.
 
 Here, Brooks has no present necessity because he has access to two other public roads from his property. He is merely, by his own admission, seeking an easement for his convenience, and accordingly, he cannot prove the element of reasonable necessity. In addition, we conclude that any inconvenience to Brooks from using alternate routes to access his property does not outweigh the damage to the Bonnets that could result from imposing an easement across their land. Indeed, substantial evidence supports the district court’s finding that granting Brooks an easement by necessity would impair the Bonnets’ property value and diminish their privacy and safety more than it would benefit Brooks or his property. Consequently, granting him an easement merely because he built the driveway that the Bonnets are now using would yield an inequitable result. Accordingly, Brooks does not possess an implied easement by necessity.
 

 Residual easement
 

 Brooks claims that “a private easement arises in a public highway following its vacation or abandonment from the mere fact that the landowner’s property abuts the former public way.” He cites a litany of cases from other jurisdictions as support for his argument that he has residual rights in the roadway despite the City of Reno’s abandonment.
 

 We decline to expand the doctrine of abutting landowner rights as Brooks requests. Such an expansion is contrary to Nevada law. Specifically, under NRS 278.480, when a city in Nevada abandons an easement, “title to ... the easement reverts to the abutting property owners in the approximate proportion that the property was dedicated by the abutting property owners or their predecessors in interest.”
 

 
 *378
 
 Similarly, under NRS 408.523(3), an abandoned easement for a public highway is simply destroyed.
 
 [15]
 
 In addition, under NRS 278.480(5), a governing body is entitled to abandon an easement if it “is satisfied that the public will not be materially injured by the proposed [abandonment].” In fact, the only time that we have recognized abutter’s rights is in
 
 State ex rel. Department of Highways
 
 v.
 
 Linnecke.
 

 [16]
 

 In
 
 Linnecke,
 
 we held that an abutting landowner
 

 has a special right of easement in a public road for access purposes.
 
 This is a property right of easement which cannot be damaged or taken from the owner without due compensation.
 
 But an owner is not entitled to access to his land at all points in the boundary to it and the highway, although entire access to his property cannot be cut off. If he has free and convenient access to his property and his means of egress and ingress are not substantially interfered with, he has no cause for complaint.
 
 The determination of whether such substantial impairment has been established must be reached as a matter of law. The extent of such impairment must be fixed as a matter of fact.
 
 [17]
 

 In other words, abutter’s rights to an easement only exist in Nevada insofar as there is an easement by necessity that exists.
 
 [18]
 

 Here, when the City of Reno abandoned its right to construct a public road, rights to the Parcel 4 land designated for the public road easement in the 1952 deed, subsequent deeds, and Parcel Map 191 reverted to the Bonnets, not Brooks.
 
 [19]
 
 Because Brooks did not have any interest in the easement land based on the terms of the
 
 *379
 
 written conveyance, he did not have any residual easement rights in the strip of land. In addition, because Brooks did not show that it was necessary for him to have the right to an easement,
 
 Linnecke
 
 does not apply here. Accordingly, we conclude that Brooks did not retain any residual rights in the easement across Parcel 4.
 
 [20]
 

 CONCLUSION
 

 For all of the reasons stated above, we affirm the decision of the district court and conclude that Brooks has no right to an easement across the Bonnets’ property, and we deny his request for injunctive relief.
 
 [21]
 

 [1]
 

 Specifically, the 1952 deed grants rights to the parcel’s owner “EXCEPTING THEREFROM a right of way over a strip of ground, 25 feet in width, along the north line of said parcel for a public road.”
 

 [2]
 

 We conclude that the easement marked on Parcel Map 191 is the same easement as was originally reserved in the 1952 deed.
 

 [3]
 

 Brooks filed his motion for reconsideration on October 22, 2002, and his first notice of appeal on November 18, 2002. The district court refused to reconsider its ruling that an easement could not be sustained on the theories of
 
 *375
 
 express grant of an easement or dedication. However, because it granted the motion for reconsideration on the implied easement issue, we remanded the case to the district court noting its intention to conduct a trial on the implied easement theory.
 
 See
 
 NRCP 54(h).
 

 [4]
 

 See, e.g., Beebe v. Swerda,
 
 793 P.2d 442 (Wash. Ct. App. 1990);
 
 City of Missoula v. Mix,
 
 214 P.2d 212 (Mont. 1950).
 

 [5]
 

 See Cotsifas v. Conrad,
 
 905 P.2d 851 (Or. Ct. App. 1995).
 

 [6]
 

 Alrich
 
 v.
 
 Bailey,
 
 97 Nev. 342, 344, 630 P.2d 262, 263 (1981).
 

 [7]
 

 See Cox v. Glenbrook Co.,
 
 78 Nev. 254, 371 P.2d 647 (1962).
 

 [8]
 

 See, e.g., City of Manhattan Beach v. Superior Ct.,
 
 914 P.2d 160, 164-65 (Cal. 1996). If extrinsic evidence is admitted, then we will uphold the district court’s interpretation of the contract provided that it is supported by substantial evidence.
 
 Id.
 

 [9]
 

 109 Nev. 1202, 866 P.2d 262 (1993).
 

 [10]
 

 Id.
 
 at 1209, 866 P.2d at 268.
 

 [11]
 

 Id.
 
 at 1211, 866 P.2d at 269.
 

 [12]
 

 Id.
 
 at 1209, 866 P.2d at 268.
 

 [13]
 

 Id.
 
 at 1211, 866 P.2d at 269 (emphasis added).
 

 [14]
 

 Id.
 
 at 1208, 866 P.2d at 267.
 

 [15]
 

 NRS 408.523(3) provides that:
 

 When a highway for which the State holds only an easement is abandoned, or when any other easement is abandoned, the property previously subject thereto is free from the public easement for highway purposes.
 

 [16]
 

 86 Nev. 257, 468 P.2d 8 (1970).
 

 [17]
 

 Id. at 260, 468 P.2d at 9-10 (emphasis added) (citations omitted).
 

 [18]
 

 Even in states that have recognized abutter’s rights, the abutting landowner must often show necessity and the prior existence of a public road or, in cases of abandonment, that the abutting landowner had a preexisting right in the easement.
 
 See Greenberg v. L.I. Snodgrass Co.,
 
 119 N.E.2d 292 (Ohio 1954);
 
 Mason
 
 v.
 
 State,
 
 656 P.2d 465 (Utah 1982);
 
 Gilmor
 
 v.
 
 Wright,
 
 850 P.2d 431, 437-38 (Utah 1993) (holding that “[a] subsequent abandonment of a public right-of-way over such a road has no effect on a private easement owned by an abutting landowner”).
 

 [19]
 

 We conclude that, based on the facts here, the City of Reno’s abandonment did not materially injure the public.
 

 [20]
 

 Brooks claims that NDOT’s decision to grant him an encroachment permit and its letter stating that he had a valid easement are entitled to deference because NDOT is a state agency. That argument is without merit because NDOT was not making a factual determination that warranted deference. Accordingly, Brooks’ reliance on
 
 Rosser
 
 v.
 
 SIIS
 
 to argue that the NDOT decision is entitled to deference is misplaced. 113 Nev. 1125, 1128, 946 P.2d 185, 187 (1997) (holding that an agency’s determination on a worker’s compensation claim was entitled to deference).
 

 [21]
 

 Because we conclude that Brooks failed to demonstrate that the Bonnets interfered with cognizable property rights or that the equities heavily balanced in his favor, we conclude that he was not entitled to injunctive relief.