# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF CHARLES
CLAYTON KING, DECEASED.

KATHY DAVIS,
Appellant,
vs.
BONNIE KING,
Respondent.

No. 77644

FILED

OCT 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL

This appeal challenges a district court order granting a new trial in a probate matter.[1] Eighth Judicial District Court, Family Court Division, Clark County; William S. Potter, Judge. The underlying matter involved appellant Kathy Davis and respondent Bonnie King's dispute over the validity of decedent Charles King's will and the portion of his estate to which Bonnie is entitled.[2]

---

[1]We previously determined that the order appealed constitutes one for a new trial. *See In re Matter of King*, Docket No. 77644 (Order Reinstating Briefing, Oct. 10, 2019). Accordingly, we analyze the arguments on appeal through that lens, and reject Bonnie's contention that we lack jurisdiction over this appeal. *See* NRAP 3A(b)(2) (providing that an order granting a new trial is appealable).

[2]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-37931

Davis argues that the district court abused its discretion by ordering a new trial based on Bonnie's claim that the decedent's will was revoked by operation of law upon her marriage to decedent pursuant to NRS 133.110 (revoking gifts to a former spouse in a will upon the testator's re-marriage unless certain exceptions apply).[3] Specifically, Davis argues that Bonnie impliedly waived her rights under NRS 133.110 by failing to raise the issue until her postjudgment new trial motion.[4] We review the district court's decision for an abuse of discretion, *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1110, 197 P.3d 1032, 1037-38 (2008) ("The district court's decision to grant or deny a motion for a new trial is reviewed for abuse of discretion."), and reverse. Substantial evidence supports the district court's findings that "Bonnie was aware of her rights under NRS 133.110 from early in the case" and that its "requests to plead them were ignored." *See In re Estate of Bethurem*, 129 Nev. 869, 876, 313 P.3d 237, 242 (2013) (reviewing a district court's findings of fact for substantial evidence). Bonnie was aware of the material facts under NRS 133.110 because she knew the facts constituting the statutory elements, *see Thompson v. City of N. Las Vegas*, 108 Nev. 435, 439, 833 P.2d 1132, 1134 (1992) ("In order to be effective, a waiver must occur with full knowledge of all material facts."), as she knew that she had survived King and that they married after King had made his will. *See* NRS 133.110(1) (providing that,

---

[3]We do not consider whether the facts here negate NRS 133.110's applicability as Davis fails to raise that issue on appeal.

[4]We ordered supplemental briefing on this issue. *See In re Matter of Charles King*, Docket No. 77644 (Order Directing Supplemental Briefing, July 16, 2020).

with certain exceptions, "[i]f a person marries after making a will and the spouse survives the maker, the will is revoked as to the spouse"). Indeed, these facts largely overlapped with her original claims and alternative arguments. Furthermore, "[e]very one is presumed to know the law and this presumption is not even rebuttable." *Smith v. State*, 38 Nev. 477, 481, 151 P. 512, 512 (1915).

We next consider whether Bonnie's conduct was inconsistent with any other intention than to waive her claim to King's estate under NRS 133.110. *See Mill-Spex, Inc. v. Pyramid Precast Corp.*, 101 Nev. 820, 822, 710 P.2d 1387, 1388 (1985) (holding that "[a] waiver may be implied from conduct which evidences an intention to waive a right, or by conduct which is inconsistent with any other intention than to waive the right"). It is undisputed that the district court ordered Bonnie to include all alternative arguments in her amended petition, and that her amended petition included such alternative arguments if the district court rejected her initial argument that a holographic document entitled her to a portion of King's estate. Bonnie's pretrial memorandum included alternative arguments, and she addressed them at trial. Bonnie also filed two motions to alter or amend the judgment, in which she requested to have the judgment certified as final pursuant to NRCP 54(b). She addressed alternative arguments in these motions as well, such as arguments under NRS 115.060, NRS 123.250, and NRS 146.010. Notably absent from this list is NRS 133.110. The district court denied these motions and upheld its earlier order, stating that "now that all remaining issues have been fully briefed and having reviewed the entirety of the record, this order shall stand as a final order

subject to rights of appeal."[5] Bonnie did not appeal this order. Given these facts, we conclude that the district court abused its discretion by granting a new trial based on Bonnie's assertion of NRS 133.110, as she had impliedly waived any rights under that statute.[6] We therefore,

ORDER the judgment of the district court REVERSED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. William S. Potter, District Judge, Family Court Division
        Carolyn Worrell, Settlement Judge
        Kehoe & Associates
        Benjamin B. Childs
        Eighth District Court Clerk

---

[5]Bonnie also failed to file a motion under NRCP 15 to amend the pleadings and conform them to the evidence.

[6]We reject Bonnie's arguments that NRS 133.110 applies automatically and the rights it provides cannot be waived, as the cases Bonnie relies on in support of these arguments are distinguishable and do not stand for such a proposition. Because this issue is dispositive, we need not address Davis' arguments that claim and/or issue preclusion, equitable estoppel, and public policy should bar a new trial.