MILTON G. SMILANICH, APPELLANT, *v.* BONANZA AIR LINES, RESPONDENT.

No. 3911

June 21, 1956.                                    298 P.2d 819.

See also 72 Nev. 10, 291 P.2d 1053.
(Rehearing denied July 11, 1956.)

*Emilie N. Wanderer,* of Las Vegas, for Appellant.

*Vargas, Dillon, Bartlett & Garroway,* of Reno, for Respondent.

# OPINION

By the Court, EATHER, J.:

Summary judgment was entered against appellant in the district court. Thereafter, he moved for relief from that judgment, basing his motion upon Rule 60 (b) N.R.C.P., which permits relief on the ground of mistake, inadvertence, excusable neglect, fraud or other reason stated in the rule. That motion, after full argument in the court below, was denied. Thereupon, appellant appealed from that denial and also from the summary judgment. We have already dismissed the appeal from the judgment as not timely filed. (Opinion dated January 10, 1956, 72 Nev. 10, 291 P.2d 1053.)

The sole question now before us is whether or not the district judge abused his discretion in denying appellant's motion for relief. We determine that he did not.

Some confusion and misunderstanding seem to have crept into the proceedings in the lower court. The motion by respondent for summary judgment was orally argued and respondent submitted a written brief; appellant had leave to file an answering brief. By writing dated March 14, 1956, served on respondent March 16, 1956 and filed, appellant submitted the motion for summary judgment without an answering brief. On or about that date, appellant's counsel discussed the matter ex parte with the court and the court made an order on March 18 purporting to grant a motion to dismiss the complaint (assuming the existence of such motion, although none existed) and allowing the filing of an amended complaint.

Appellant thereupon filed an amended complaint and mailed a copy of it to counsel for respondent but without giving any notice of the order permitting the filing thereof or the order dismissing the original complaint. Thereupon, respondent moved to strike the amended complaint on the grounds that the motion for summary judgment had been submitted and, also, because no

notice had been given of intention to file an amended complaint and that no court order had been obtained.

When counsel for respondent appeared for argument at the time stated in that motion, he learned for the first time of the order dismissing the complaint and allowing the filing of an amended complaint. Respondent's counsel then called to the court's attention the fact that there was no motion to dismiss the complaint but that the motion before the court, still undetermined, was respondent's motion for summary judgment. Whereupon the court revoked the order dismissing the complaint and permitting an amended complaint and it then granted summary judgment on the original motion which had been argued and submitted.

At the argument on the motion for relief, the district judge informed counsel that he had been under the impression that there was before him a motion to dismiss. Counsel for appellant frankly admits that the ex parte discussion with the court was on that basis. As there is a great difference between a motion to dismiss and a motion for summary judgment, the mistake seems to have had its origin, or at least some sustenance, from appellant.

The affidavits and arguments presented to the district judge on the motion for relief were ample to place the entire factual and legal situation before the court and we are satisfied that appellant had full opportunity to present his contentions.

Appellant's main argument to us in connection with the motion for relief is that the court erred in entering summary judgment. As we have dismissed the appeal from the judgment, that matter is not before us. However, the opening brief of appellant informs us that upon the argument of the motion for relief "the court further stated that notwithstanding all the facts and circumstances, even considering the amended complaint on file in the action and the copy of the airline's pilot

contract annexed thereto, the appellant had no cause of action and that summary judgment as granted was proper and would not be set aside."

Affirmed with costs.

MERRILL, C. J., and BADT, J., concur.