MEMORY GARDENS OF LAS VEGAS, INC., a NEVADA CORPORATION, APPELLANT, v. BUNKER BROTHERS MORTUARY, INC., a NEVADA CORPORATION, BRYAN L. BUNKER, BERKELEY L. BUNKER, AND TITLE INSURANCE AND TRUST COMPANY, a NEVADA CORPORATION, RESPONDENTS.

No. 7592

May 30, 1975                    535 P.2d 1293

*Woodburn, Wedge, Blakey, Folsom & Hug,* and *Gordon H. DePaoli,* of Reno, for Appellant.

*Earl & Earl,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This appeal is from an order of the district court denying the Rule 60(b) motion of Memory Gardens of Las Vegas, Inc., to vacate a judgment dismissing its amended complaint against Bunker Brothers Mortuary, Inc., Bryan L. Bunker, Berkeley L. Bunker and Title Insurance and Trust Company. The order is appealable. Smilanich v. Bonanza Air Lines, 72 Nev. 10, 291 P.2d 1053 (1956); see also same case at 72 Nev. 212, 298 P.2d 819 (1956). It is, of course, the contention of the respondents that the discretion vested in the district court was not abused when it denied the motion to vacate.

The Rule 60(b) motion to vacate the judgment of dismissal rests squarely upon the proposition that the judgment was void, since, in the peculiar circumstances of this case, the plaintiff was denied its right to trial by jury. We find no merit in this contention, nor do we perceive an abuse of discretion by the district court in refusing to set aside the judgment of dismissal.

This action was commenced by Memory Gardens alleging that the defendants were about to foreclose a trust deed on property belonging to the plaintiff; that the trust deed and promissory note which it secured were obtained by fraud and without consideration, and were void. The plaintiff prayed for damages. Contemporaneously, the plaintiff, ex parte,

obtained a temporary restraining order stopping the fore-closure sale. The plaintiff then moved for a preliminary injunc-tion, asserting as a basis therefor, that the note and deed of trust were obtained by fraud and without consideration. The defendants countered by moving to dissolve the temporary restraining order and to deny the plaintiff's request for a pre-liminary injunction. All motions were scheduled to be heard on a day certain.

When that day arrived, the plaintiff, who initially had requested the hearing, was not prepared to proceed, and asked for a continuance.[1] The request was denied. The defendants, who were prepared to proceed, filed an answer, and moved under Rule 65(a)(2) that trial of the action on the merits be advanced and consolidated with the hearing on the application for a preliminary injunction. That motion was granted and the cause tried on its merits. The plaintiff did not then demand a jury trial. The plaintiff offered no proof at all. The defendants submitted both oral and documentary evidence. At the conclu-sion of the trial, the court found that the promissory note and deed of trust were not fraudulently obtained, and that con-sideration was given therefor. Consequently, the court dis-missed the plaintiff's case for failure of proof, denied its request for a preliminary injunction, dissolved the temporary restraining order, and entered judgment for the defendants for costs and attorney's fees.

NRCP 65(a)(2) invests the court with power to order trial of the action on the merits advanced and consolidated with the hearing of the application for a preliminary injunction.[2] In doing so, however, the court shall "save to the parties any rights they may have to trial by jury."

In this instance, the appellant insists that the trial court infringed upon its right to a jury trial of its action for damages when it ordered a trial upon the merits to be consolidated with the application for a preliminary injunction, and that the judg-ment subsequently entered was, therefore, void.

---

[1]The firm representing plaintiff-appellant on this appeal was not counsel for plaintiff below.

[2]NRCP 65(a)(2): "Before or after the commencement of the hear-ing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application. Even when this consolidation is not ordered, any evidence received upon an application for a prelim-inary injunction which would be admissible upon the trial on the merits becomes part of the record on the trial and need not be repeated upon the trial. This subdivision (a)(2) shall be so construed and applied as to save to the parties any rights they may have to trial by jury."

In the context of this case we find no substance to the contention. From commencement of the action to the time of the order advancing the trial of the merits to be consolidated with the hearing of the application for a preliminary injunction, the plaintiff did not demand a trial by jury.[3] The hearing date was secured by the plaintiff itself, presumably with knowledge of Rule 65(a)(2) and of Rule 38(b). The controlling issues tendered by the amended complaint and by the application for preliminary injunction were identical, i.e., whether the promissory note and trust deed were obtained by fraud or without consideration. Those issues would have been tried whether the court had advanced the trial on the merits, or merely entertained the application for a preliminary injunction. The court's finding, after a hearing, that there was no fraud, and there was consideration is not challenged by the plaintiff. In these circumstances, it seems to us that the belated claim of Memory Gardens that it was denied the right to trial by jury is superficial.

Affirmed.

---

[3]NRCP 38(b): "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than the time of the entry of the order first setting the case for trial."