E. N. KETTENHOFEN, Appellant, v. A. U. RICCIARDI AND M. T. RICCIARDI, Respondents.

No. 8016

March 25, 1976                              547 P.2d 685

*Streeter, Sala & McAuliffe,* of Reno, for Appellant.

*Sanford, Sanford, Fahrenkopf & Mousel,* and *M. Craig Haase,* of Reno, for Respondents.

[1]There are other viable charges against Stutes which were unsuccessfully challenged in a separate appeal.

## OPINION

*Per Curiam:*

We are unable to determine from the record whether this appeal is from a preliminary or a permanent injunction. The appellant contends the former and the respondents the latter. It is clear that the motion originally was for a preliminary injunction. NRCP 65(a)(2) invests the court with power to order trial of the action on the merits and consolidated with the hearing on the application for preliminary injunction. Memory Gardens v. Bunker Bros. Mortuary, 91 Nev. 344, 535 P.2d 1293 (1975). Such an order does not appear in the record before us.[1] Accordingly, we are constrained to treat this appeal as one from an order granting a preliminary injunction, and reverse for failure of the district court to require security for costs and damages should it be finally determined that the defendant was wrongfully enjoined. NRCP 65(c); Brunzell Constr. v. Harrah's Club, 81 Nev. 414, 404 P.2d 902 (1965); State ex rel. Friedman v. Dist. Ct., 81 Nev. 131, 399 P.2d 632 (1965).

Reversed and remanded.

---

[1]Counsel for the parties may, or may not have agreed to such consolidation when meeting with the court in chambers. The court's minute orders do not reflect such agreement if one was made.