WESTSIDE CHARTER SERVICE, INC., A NEVADA CORPO-
RATION, AND PUBLIC SERVICE COMMISSION OF
NEVADA, APPELLANTS, v. GRAY LINE TOURS OF
SOUTHERN NEVADA, A NEVADA CORPORATION,
RESPONDENT.

No. 13722

June 9, 1983                                              664 P.2d 351

*Darrell Lincoln Clark,* Las Vegas, for Appellant Westside
Charter Service.

*Zev Kaplan,* Legal Counsel, Carson City, for Appellant
Public Service Commission of Nevada.

*Beckley, Singleton, DeLanoy & Jemison,* Las Vegas; *Crow-
ell, Crowell & Crowell,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

Appellants Westside Charter Service, Inc. (Westside), a corporate motor carrier, and Public Service Commission of Nevada (PSC) seek relief on appeal from adverse judgments entered in favor of the respondent Gray Line Tours of Southern Nevada (Gray Line). We find no basis for disagreement with the district court and accordingly affirm its rulings.

In April, 1979, Westside applied to PSC for a certificate of public convenience and necessity for on-call transportation of passengers and sight-seeing services in Clark County. Gray Line was permitted to intervene in Westside's application. After a hearing, PSC agreed to issue the certificate to Westside.

Thereafter, Gray Line filed a complaint in district court, requesting that the PSC grant of authority be vacated. At the district court trial on the matter, only counsel for Gray Line and PSC appeared. Counsel for PSC and Gray Line then entered into a stipulation which formed the basis for the district court's judgment. In its findings of fact and conclusions of law accompanying judgment, the court concluded that the evidence introduced before the PSC did not support the broad grant of authority to Westside. The district court therefore vacated that portion of the Westside tariff permitting the transfer of passengers and their baggage between McCarran Airport and the hotels and motels in Las Vegas. The court then delimited Westside's authority to the providing of nightclub tours of

the northwest and westside of Las Vegas and tours of Mount Charleston, which could only be conducted from midnight until 2:00 a.m.

Westside ultimately moved for relief from judgment under NRCP 60(b) on the basis of surprise. Westside supported its motion by the contention that it had been in the process of changing counsel immediately prior to trial, and neither it nor its counsel had notice of the trial until the day it was held. In denying Westside's motion, the district court found that because the record contained a Notice to Set for Trial, with a properly executed certificate of mailing and an affidavit of Westside's counsel which admitted that trial statements from the other parties had been received 17 days before the trial date, Westside had sufficient notice of the trial. Judgment was stayed pending appeal. Since Westside's appeal was timely only as to the dismissal of its motion for relief from judgment, and not the underlying judgment itself, we consider only the propriety of the denial of the motion. Smilanich v. Bonanza Air Lines, 72 Nev. 10, 291 P.2d 1053 (1956); Smilanich v. Bonanza Air Lines, 72 Nev. 212, 298 P.2d 819 (1956).

Some time after the district court's order denying 60(b) relief had been entered, Westside again submitted a tariff application to PSC. PSC issued an order granting certain tariffs, including authority to operate downtown city tours, modified city tours, main nightclub tours, late nightclub tours, Hoover Dam-Lake Mead tours, and to transport passengers and baggage to and from McCarran International Airport and Union Pacific Stations. Gray Line thereafter filed a motion to enforce the earlier judgment, and to obtain sanctions. Gray Line asserted that PSC lacked jurisdiction to issue any further order concerning the case once it had filed its action in district court regarding the initial PSC grant to Westside.

In its order granting Gray Line's motion, the district court held, in part, that Gray Line's original challenge to the PSC action stayed further action by PSC until the matter had finally been resolved on appeal. The court then vacated the tariffs, stating that PSC's actions in granting the tariffs contravened the earlier district court judgment. Both Westside and PSC have appealed from this order. We consider these appeals together with Westside's earlier appeal from the district court's denial of the NRCP 60(b) motion.

Westside's appeal from the denial of its motion for relief from judgment pursuant to NRCP 60(b) is without merit. From the findings filed by the court and our review of the record on appeal, it is apparent that the court had before it sufficient evidence to find that Westside was on notice of the

upcoming trial. Under these circumstances, we affirm the trial court's judgment. Jacobson v. Best Brands, Inc., 97 Nev. 390, 632 P.2d 1150 (1981); Clark Co. Sports v. City of Las Vegas, 96 Nev. 167, 606 P.2d 171 (1980); Blanchard v. Nevada State Welfare Dep't, 91 Nev. 749, 542 P.2d 737 (1975).

We further sustain the trial court's decision granting Gray Line's motion to enforce the May 22, 1981 judgment. Because PSC was without jurisdiction to exercise any authority in regard to the matters decided upon in the district court's May 22, 1981 judgment, its grants of the special tariffs to Westside, entered after judgment, were void.

It is generally accepted that where an order of an administrative agency is appealed to a court, that agency may not act further on that matter until all questions raised by the appeal are finally resolved. As was stated by the Alaska Supreme Court in Fischback & Moore of Alaska, Inc. v. Lynn, 407 P.2d 174 (Alaska 1965):

> It is the general rule that when an order of an administrative agency is appealed to a court, the agency's power and authority in relation to the matter is suspended as to questions raised by the appeal. (Footnote omitted.) The rule is based on common sense. If a court has appellate jurisdiction over a decision of an administrative body, it would not be consistent with the full exercise of that jurisdiction to permit the administrative body also to exercise jurisdiction which would conflict with that exercised by the court. The court's jurisdiction over the subject matter of an appeal must be complete and not subject to being interfered with or frustrated by concurrent action by the administrative body.
>
> Operation of the rule is limited to situations where the exercise of administrative jurisdiction would conflict with the proper exercise of the court's jurisdiction. If there would be no conflict, then there would be no obstacle to the administrative agency exercising a continuing jurisdiction that may be conferred upon it by law.

*Id.* at 176. *Accord* Colorado Anti-Discrimination Commission v. Continental Air Lines, 355 P.2d 83 (Colo. 1960); Martin v. Dayton School District No. 2, 536 P.2d 169 (Wash.App. 1975).

In the instant case, the initial judgment of the district court was not seasonably appealed at the time PSC granted the subsequent tariffs to Westside. Nonetheless, the denial of Westside's NRCP 60(b) motion for relief from judgment was

properly on appeal. Because a decision by this Court favoring Westside ultimately could have changed the character of the original judgment, PSC's actions in entertaining and granting the tariffs before a final decision on that appeal were improper, conflicting with the jurisdiction of the district court. Although PSC may have been correct in assessing the merits of Westside's appeal, it was nonetheless without power to deal with the subject matter of the underlying judgment before that appeal was decided.

It is also clear that the district court's stay of judgment while the case was under appeal did not allow PSC to deal with the subject matter of the judgment until a final decision had been rendered. The purpose of a stay is to preserve the *status quo ante*. It does not allow further modifications on the subject matter of the judgment. East Standard Mining Co. v. Devine, 59 Nev. 134, 81 P.2d 1068 (1938). In this case, the stay of judgment pending appeal effectively prevented any further administrative proceedings on the subject matter of the appeal while the order denying the NRCP 60(b) motion was on appeal. Thus, PSC was without jurisdiction to act when it did in regard to Westside's second application.

Appellants' contention that Gray Line was required to comply with the requirements of NRS 706.706 in order to challenge the PSC's grant of additional tariffs to Westside is also groundless. Under the circumstances of this case, where the PSC clearly acted without jurisdiction, Gray Line's motion for enforcement of the May 22, 1981 judgment was appropriate. No further action on Gray Line's part to challenge the PSC's actions was required.

We have examined appellant's other contentions and find them to be without merit. We therefore affirm the decisions of the district court in their entirety.