PATSY K. SMITH, Appellant, v.
JAY N. SMITH, Respondent.

No. 16662

March 25, 1986                                716 P.2d 229

*Edward Marshall,* Las Vegas, for Appellant.

*George Frame,* Las Vegas, for Respondent.

---

[1]Our decision in this matter renders meritless the respondent-lessor's cross-appeal.

## OPINION

*Per Curiam:*

This is an appeal from a judgment denying Patsy Smith's (Patsy) motion to set aside a decree of divorce entered on May 11, 1984. Because we have concluded that the district court erred in denying Patsy's motion, we reverse the decision and remand this case to the district court for further proceedings in accordance with this opinion.

On May 10, 1984, Jay Smith (Jay) filed for divorce. Patsy answered on the same day in proper person. On May 11, 1984, that divorce was granted. Of the parties' extensive community property holdings, Patsy was awarded as her sole and separate property the parties' Las Vegas home, two vehicles, one acre of land located in Utah, and her personal effects and clothing.[1] Patsy also received $50,000 in alimony.

On November 8, 1984, Patsy moved to set aside the decree of divorce pursuant to NRCP 60(b)(2). NRCP 60(b) provides in pertinent part:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party which would have theretofore justified a court in sustaining a collateral attack upon the judgment. . . .

In the affidavit supporting her motion, Patsy alleged that Jay had come home two days before the divorce decree was entered and had physically abused her until she agreed to sign the papers necessary to obtain a divorce. This was corroborated by Patsy and Jay's daughter, Mika. Jay did not deny that this abusive incident occurred.

When a party seeks to set aside a judgment pursuant to Rule 60(b), the decision of the district court will be affirmed if there is

---

[1] Patsy estimated that the parties' community property holdings total approximately 1.2 million dollars. Based on Patsy's figures, she received only approximately 15 percent of the community property. Although Jay contended that Patsy's list of community property was inaccurate and outdated, he did not provide any accurate and current information.

sufficient evidence contained in the record to support that decision. *See* Westside Chtr. Serv. v. Gray Line Tours, 99 Nev. 456, 664 P.2d 351 (1983); Norris v. Phillips, 86 Nev. 619, 472 P.2d 347 (1970).

There is no evidence contained in the record to contradict Patsy's and Mika's versions of the events prior to the entry of the divorce decree. Jay simply denied that the division of property was obtained as the result of any threats of bodily harm. Clearly, no threats were used to obtain Patsy's signature on the required documents while in attorney George Frame's office; however, no evidence exists to contradict Patsy's account of the beating that she received the day prior to going to Mr. Frame's office. Because there is no evidence to contradict Patsy's allegations, the district court had no evidence upon which to base a denial of Patsy's motion.

Therefore, for the above reasons, we reverse the decision of the district court denying Patsy's motion, and we remand this case to the district court so that the extent of the parties' community property may be ascertained and divided justly and equitably pursuant to NRS 125.150.[2]

---

[2]NRS 125.150 provides in relevant part:

    1. In granting a divorce, the court:

    . . .

    (b) Shall make such disposition of:

      (1) The community property of the parties . . . as appears just and equitable, having regard to the respective merits of the parties and to the condition in which they will be left by the divorce, and to the party through whom the property was acquired, and to the burdens, if any, imposed upon it, for the benefit of the children.