OPINION
By the Court,
Rose, J.:
The City of Las Vegas Department of Fire Services (the Fire Department) terminated a Firefighter Trainee. When the International Association of Firefighters, Local #1285, (the Union) sought arbitration of the termination, the City of Las Vegas (the City) applied for a district court order to stay the arbitration. The City claimed that because Firefighter Trainee was a probationary *1321 position, a terminated Firefighter Trainee could not pursue arbitration. The district court agreed and granted the stay, and the Union appealed.
We conclude that the district court erred in deciding the arbi-trability of the dispute rather than allowing an arbitrator to decide that question.

FACTS

Thomas Sorenson was a Firefighter Trainee employed by the Fire Department, which terminated Sorenson on June 17, 1994. The Union represented Sorenson pursuant to a Collective Bargaining Agreement (CBA) with the Fire Department.
Claiming wrongful termination and seeking reinstatement, Sorenson presented a grievance form to the Deputy Chief of the Fire Department, then to the Fire Chief, and then to the City Manager of the City. All three denied the grievance. The Union then requested that the matter be submitted to final and binding arbitration. The City refused to participate in arbitration, stating that Sorenson “has no rights under the contract as a non-confirmed probationary employee.” The Union requested a panel of arbitrators from the American Arbitration Association in order to select an arbitrator, and arbitration was set for November 7, 1994. On October 6, 1994, the City applied to the district court for an order staying arbitration proceedings.
The district court received and considered a number of documents from the parties in regard to this application, first of all the CBA. The CBA states that the City recognizes the Union as the exclusive collective bargaining agent, per NRS Chapter 288, for certain listed Fire Department employees. Firefighter Trainee is among the list of employees within the bargaining unit. Article 10 of the CBA sets forth the procedure for settling employee or union grievances, stating
that any grievance or dispute which may arise between the parties concerning the interpretation and the application of the expressed provisions of this Agreement shall be settled in the manner shown below. If a dispute involves an established past practice within the Fire Department that would be mandatorily negotiable under the provisions of NRS 288.150, that is not expressly provided for in the provisions of this agreement, such a dispute may be submitted for resolution as a grievance. In such a case, the dispute shall be processed in the normal fashion to the arbitrator step. The arbitrator selected, if any, shall then first rule on the negotiability of the issue and whether or not the issue was a past practice. If the arbitrator rules the dispute to be arbitratable *1322 [sic], the same arbitrator shall hear the merits of the underlying grievance.
The grievance procedure entails five steps: oral discussion with an employee’s immediate supervisor, filing a written grievance with the employee’s Deputy Chief, presenting the grievance to the Fire Chief, presenting the grievance to the City Manager, and final and binding arbitration. Article 10 provides: “Actions taken for discharge and/or disciplinary reasons, should a dispute arise, shall be settled through this grievance procedure, beginning at the second step.”
Article 9(A) of the CBA states: “The City may adopt and amend Fire Department Rules and Regulations consistent with NRS and this Agreement. These shall be the rules by which the City administers the Fire Department and to which all employees covered by this Agreement are bound.” Article 9(D) sets forth the procedure for changing such rules. Article 9(E) states that any dispute “concerning any proposed or implemented modification or interpretation of the Fire Department Rules and Regulations shall be subject to the provisions of the Grievance Procedure, including arbitration, in this Contract.” Absent an emergency, a disputed change will not go into effect until the dispute is settled. A dispute as to whether or not a rule change involves a mandatory subject of bargaining must be submitted to the Local Government Employee Management Relations Board pursuant to NRS Chapter 288 before going to arbitration.
Article 9(1) states that the Fire Department Standard Operating Procedures (SOP) must be issued in a manual. Any changes to the SOP manual must be issued and inserted within fifteen days of the change. The Union may request that a change to the SOPs be submitted as a Fire Department rule and regulation change within ten days of its insertion.
The relevance of the City’s Civil Service Rules, effective September 2, 1992, was also at issue. The Rules’ stated purpose is,
when not in conflict with existing collective bargaining agreements, to set forth rules and regulations that provide for:
c. The classification of positions.
e. Procedures for disciplinary actions against, and the discharge of, employees.
The Civil Service Rules state that employees “serving in Trainee classifications shall hold probationary status.” The Rules provide that nonconfirmation of a probationary employee terminates the *1323 employee and that nonconfirmation shall occur for one or more of four reasons: unsatisfactory performance or conduct, unsuitability to the work, inability to perform essential functions, or failure to meet appointment standards or classification specifications. Provisions in the Rules allowing appeal of a termination decision apply only to employees who have completed their initial probationary period.
The City presented the district court with a small portion of a “Positive Discipline” manual, which stated that its procedures apply only to employees who have completed their initial probationary period. It also stated that during the probationary period, the employer can terminate the employee “without going through disciplinary steps or providing formal notice.”
The district court received a copy of an April 1989 arbitration decision. This decision concluded that Article 9 of the CBA “subsumes and encompasses the procedures and standards for discipline within the Department of Fire Services through Rules and Regulations, Standard Operating Procedures, and Positive Discipline, thus estopping the City . . . from relying on the adopted Civil Service Rules as a basis for discipline.”
The district court held a hearing on the matter on October 27, 1994, and on January 10, 1995, it issued an order granting the City’s motion to stay the arbitration proceedings. The court concluded that the Positive Discipline manual and the Civil Service Rules applied and precluded arbitration of Sorenson’s grievance. The Union moved for reconsideration of the order, and the court denied the motion.

DISCUSSION

“On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate.” NRS 38.045(2).
Whether a dispute is arbitrable is essentially a question of construction of a contract. Thus, the reviewing court is obligated to make its own independent determination on this issue, and should not defer to the district court’s determination. Unless the parties clearly and unmistakably provide otherwise in their agreement, the question of arbitrability is to be decided by the district court, not the arbitrator.
Clark Co. Public Employees v. Pearson, 106 Nev. 587, 590, 798 P.2d 136, 137 (1990) (citation omitted).
“Nevada courts resolve all doubts concerning the arbitrability of the subject matter of a dispute in favor of arbitration.” Int’l *1324 Assoc. Firefighters v. City of Las Vegas, 104 Nev. 615, 618, 764 P.2d 478, 480 (1988). There is a presumption of arbitrability when a contract contains an arbitration clause. Id. at 620, 764 P.2d at 481. “Courts should order arbitration of particular grievances ‘unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.’ ” Id. (quoting AT&T Technologies v. Communications Workers, 475 U.S. 643, 649 (1986)). AT&T states that when an arbitration clause is broadly worded, “ ‘[i]n the absence of any express provision excluding a particular grievance from arbitration, we think only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail.’ ” AT&T, 475 U.S. at 650 (quoting Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 584-85 (1960)).
The parties disputed whether or not the CBA provisions for arbitration of grievances applied to nonconfirmed trainees like Sorenson. This is the kind of dispute that the CBA states should be resolved by arbitration.
Article 10 of the CBA states that “any grievance or dispute which may arise between the parties concerning the interpretation and the application of the expressed provisions of this Agreement shall be settled in the manner shown below.” The manner set forth includes final and binding arbitration as the last step. Article 10 also provides that in disputes not expressly provided for in the CBA regarding established past practices within the Fire Department, the arbitrator determines whether or not the dispute is arbitrable before addressing its merits if it is. Article 9(E) of the CBA states that any dispute “concerning any proposed or implemented modification or interpretation of the Fire Department Rules and Regulations shall be subject to the provisions of the Grievance Procedure, including arbitration.”
We conclude that these provisions clearly and unmistakably provide that any dispute over interpretation and application of the CBA, including the arbitrability of a dispute, is to be decided by an arbitrator, not a district judge. Cf. Int’l Assoc. Firefighters, 104 Nev. at 619-20, 764 P.2d at 480-81. The City has offered no forceful evidence otherwise. Therefore, the district court erred in not allowing the arbitrator to determine whether or not the CBA and other documents at issue allowed Sorenson to pursue arbitration.

CONCLUSION

The CBA provisions clearly and unmistakably provide that an arbitrator is to decide any dispute over interpretation and application of the CBA, including the arbitrability of a dispute. There *1325 fore, the district court erred in not allowing the arbitrator to determine whether or not the CBA and other documents at issue allowed Sorenson to pursue arbitration.
We therefore reverse the district court’s order and remand this case for submission to an arbitrator.
Young and Shearing, JJ., concur.