**2015 UT App 127**

# THE UTAH COURT OF APPEALS

MATT BAKER AND SUNRISE HOME HEALTH CARE, LLC,
Plaintiffs and Appellants,
*v.*
LABOR COMMISSION, ANTIDISCRIMINATION AND LABOR DIVISION
AND JAZMIN SHELTON,
Defendants and Appellees.

Opinion
No. 20140279-CA
Filed May 21, 2015

Fourth District Court, Provo Department
The Honorable Claudia Laycock
No. 130400289

Robert O. Rice and Aaron K. Olsen, Attorneys
for Appellants

Sean D. Reyes, Nancy L. Kemp, and Ronald V.
Ludlow, Attorneys for Appellee Labor Commission,
Antidiscrimination and Labor Division

April L. Hollingsworth, Attorney for Appellee
Jazmin Shelton

JUDGE KATE A. TOOMEY authored this Opinion, in which JUDGES
JAMES Z. DAVIS and J. FREDERIC VOROS JR. concurred.

TOOMEY, Judge:

¶1 Sunrise Home Health Care, LLC and Matt Baker[1]
(collectively, Sunrise) appeal the district court's decision
dismissing Sunrise's petition for judicial review and ordering the

---

1. Matt Baker is the owner and administrator of Sunrise Home
Health Care, LLC.

Labor Commission to rescind its orders regarding Jazmin Shelton's wage claim.[2] We set aside the district court's decision.

¶2     Sunrise employed Shelton as a registered nurse, and they entered into an "employee pay and benefits" agreement (the Employment Agreement). Shelton left her employment. She later filed a wage claim with the Labor Commission because Sunrise had retroactively reduced Shelton's pay rate for her last two weeks of employment, contending it was the agreed to pay rate for not providing written notice as required by the terms of the Employment Agreement.

¶3     The Commission ruled that the Employment Agreement was unlawful. Accordingly, it issued an Order to Pay requiring Sunrise to pay Shelton $611.11, the difference between the amount she earned at her regular pay rate and the reduced pay rate. Moreover, the Commission ordered a statutory penalty equal to the amount Sunrise withheld from Shelton and statutory attorney fees of $500.

¶4     Sunrise requested agency review to reconsider the Order to Pay, but the Commission denied the request. In its Order Denying the Request for Reconsideration, the Commission advised Sunrise of the right to appeal the "final agency action to the District Court" pursuant to Utah Code section 63G-4-401. Sunrise then sought review of the Commission's orders in district court. In its petition for review, Sunrise challenged the

---

2. We acknowledge Sunrise's petition for judicial review of the adjudicative proceedings was a "complaint" governed by the Utah Rules of Civil Procedure, *see* Utah Code Ann. § 63G-4-402(2)(a), but the district court's order and the parties' briefs refer to the complaint as a "petition for judicial review." We therefore refer to Sunrise's complaint as a petition for judicial review for consistency.

Order to Pay and asked for a declaratory judgment regarding Sunrise's wage reduction policy in the Employment Agreement.

¶5    During the course of the proceedings before the district court, Shelton withdrew her wage claim and revoked her assignment of the claim to the Commission. As a result, the Commission moved to dismiss Sunrise's claim as moot under rule 12(b)(6) of the Utah Rules of Civil Procedure. In support of its motion, the Commission attached a letter that purported to be from Shelton withdrawing her wage claim. Sunrise challenged the authenticity of the letter, but the court granted the Commission's motion to dismiss. It concluded Shelton's letter did not need to be authenticated because her attorney had confirmed the withdrawal. The court also concluded that "there is no action here that survives [Shelton's] withdrawal of her action at the agency level" and "[s]ince the request for a declaratory order on the contract is dependent on the judicial review action, . . . the declaratory judgment action cannot survive." Accordingly, the court ordered the Commission to "rescind the Order to Pay and to rescind the portions of the Order Denying Request for Reconsideration ordering compliance with the Order to Pay, and otherwise to extinguish any order requiring [Sunrise] to pay any wages or penalty" resulting from this case.

¶6    On appeal, Sunrise contends the district court erred in dismissing as moot its petition for judicial review because the Commission lacked jurisdiction to "alter the status of the administrative action during the pendency of the petition for review." The Commission argues that the district court properly dismissed Sunrise's petition because the court had no jurisdiction over the petition as it became moot when Shelton withdrew her wage claim. The decision to grant a rule 12(b)(6) motion is "a question of law that we review for correctness, giving no deference to the [district] court's ruling." *Oakwood Vill. LLC v. Albertsons, Inc.*, 2004 UT 101, ¶ 9, 104 P.3d 1226.

¶7 We agree with Sunrise that Shelton's withdrawal letter did not moot the controversy.[3] Shelton did not file the letter with the Commission until after the Commission had entered its final order and Sunrise had filed its petition for judicial review, thus depriving the Commission of jurisdiction over the case. Because the Commission lacked jurisdiction to alter or modify final agency actions during judicial review, Shelton's withdrawal letter had no legal effect on the order and does not render Sunrise's petition moot. *See Career Serv. Review Bd. v. Utah Dep't of Corr.*, 942 P.2d 933, 943 (Utah 1997).

> When a party institutes proceedings to review a decision or an order of an administrative agency, the agency is deprived of its jurisdiction over the matter during the pendency of the appeal. The Supreme Court of Nevada states, "It is generally accepted that where an order of an administrative agency is appealed to a court, that agency may not act further on that matter until all questions raised by the appeal are finally resolved."

*Id.* at 943–44 (quoting *Westside Charter Serv., Inc. v. Gray Line Tours of S. Nev.*, 664 P.2d 351, 353 (Nev. 1983)). The Utah Supreme Court emphasized that this rule is especially relevant in situations "'where the exercise of administrative jurisdiction would conflict with the proper exercise of the court's jurisdiction.'" *Id.* (quoting *Westside Charter*, 664 P.2d at 353).

¶8 When the Commission denied Sunrise's request for reconsideration, the Commission's orders became final. Although the Commission had jurisdiction over the underlying issue of

---

3. Sunrise also challenges the letter's authentication. But, because we conclude that Shelton's letter had no legal effect on Sunrise's petition, *see infra* ¶ 10, we do not address the merits of this argument.

Shelton's wage claim during the administrative proceeding, it did not have any such jurisdiction during the pendency of the judicial-review proceedings. *See id.* at 943; *see also Westside Charter*, 664 P.2d at 353 (noting that "where an order of an administrative agency is appealed to a court, that agency may not act further on that matter until all questions raised by the appeal are finally resolved"); *cf. Whitfield Transp., Inc. v. Brooks*, 302 P.2d 526, 529 (Ariz. 1956) (noting that if "an appeal to [a] court has been perfected[,] the inferior tribunal loses all jurisdiction of each and every matter connected with the case, except in furtherance of the appeal" (citation and internal quotation marks omitted)).

> The rule is based on common sense. If a court has appellate jurisdiction over a decision of an administrative body, it would not be consistent with the full exercise of that jurisdiction to permit the administrative body also to exercise jurisdiction . . . . The court's jurisdiction over the subject matter of an appeal must be complete and not subject to being interfered with or frustrated by concurrent action by the administrative body.

*Fischback & Moore of Alaska, Inc. v. Lynn*, 407 P.2d 174, 176 (Alaska 1965), *overruled on other grounds by City & Borough of Juneau v. Thibodeau*, 595 P.2d 626, 629 n.6 (Alaska 1979).

¶9　The Commission's actions in entertaining and granting the withdrawal of Shelton's wage claim interfered with the court's jurisdiction because the questions raised by Sunrise's petition had not been resolved. Furthermore, after taking assignment of Shelton's wage claim according to Utah Code section 34-28-13 during judicial review, the Commission's role as the defendant rendered it powerless to simultaneously conduct administrative determinations that would alter the final agency action on review. In other words, the Commission could not allow Shelton to withdraw her wage claim after Sunrise

commenced judicial review, because the Commission no longer had the capacity to act in its administrative adjudicatory authority while judicial review proceedings were ongoing.

¶10    In sum, Shelton's letter purporting to withdraw her wage claim and revoke her assignment of the claim to the Commission had no legal effect on Sunrise's petition, because the Commission did not have the jurisdiction to alter its final orders once Sunrise instituted proceedings to review the Commission's orders in the district court. We therefore reverse the court's order and remand to the district court for further proceedings.[4]

———————

4. Because we reverse the district court's order, we need not reach the remaining issues raised in Sunrise's appeal.