An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br>Appellant,<br>vs.<br>CHARLES JENKINS, INDIVIDUALLY; LAS VEGAS POLICE MANAGERS AND SUPERVISORS ASSOCIATION; AND LOCAL GOVERNMENT EMPLOYEE-MANAGEMENT RELATIONS BOARD,<br>Respondents. | No. 65102 |

FILED

OCT 2 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of a Local Government Employee-Management Relations Board decision. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Appellant Las Vegas Metropolitan Police Department claims the Board committed numerous errors. For the reasons below, we affirm the district court's order.

## BACKGROUND

Sergeant Charles Jenkins (Jenkins) is an employee of the Las Vegas Metropolitan Police Department (LVMPD). Before the incidents giving rise to the complaint filed with the Local Government Employee-Management Relations Board, Jenkins was a property crimes supervisor.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-32602

In February 2011, after investigating an internal complaint against him, LVMPD issued Jenkins a written reprimand for violating LVMPD's harassment and discrimination policy. The reprimand, which Jenkins signed, did not mention a transfer to a new assignment. Nonetheless, LVMPD transferred Jenkins on the same day he signed the reprimand. The transfer notice, which was labeled as an "[a]dministrative [t]ransfer," stated the following:

> As a result of it being determined that you engaged in inappropriate verbal communications with subordinates of a nature that violates the Department's harassment and discrimination policies, I am recommending that you be transferred out of your current assignment. My recommendation is to transfer you to a patrol squad as it provides a more structured environment and closer supervision by your Lieutenant.

Due to this transfer, Jenkins lost his position as a property crimes supervisor and certain benefits, including his favorable work schedule and assignment differential pay (ADP) of 8% of his base salary.

Before LVMPD filed the written reprimand against Jenkins, a voluntary body-for-body transfer was discussed that would have swapped Jenkins for his counterpart in another area. Jenkins, his counterpart, and their supervising Lieutenants and Captains agreed to this transfer. However, the transfer was never effectuated as originally agreed.

On March 10, 2011, Jenkins filed a formal grievance regarding his transfer under Articles 7 (Management Rights) and 12 (Grievance Procedures for Disciplinary Action) of the Collective Bargaining Agreement (CBA) between LVMPD and the Police Managers and Supervisors Association. LVMPD refused to accept the grievance because it was not filed under Article 23 (Transfers).

Jenkins and the Las Vegas Police Managers and Supervisors Association (PMSA) filed a complaint with the Board, alleging that Jenkins was denied due process and that LVMPD breached the CBA and the covenant of good faith and fair dealing by implementing a disciplinary transfer under the guise of an administrative transfer. The complaint also requested that the Board restrain LVMPD from using administrative transfers for disciplinary purposes against PMSA members.

As a result, the Board held a hearing and found that the complaint had merit. In its decision, the Board found that although Jenkins' transfer was purportedly administrative, in reality it was disciplinary because it was intended to punish Jenkins. The Board also found that LVMPD "has unilaterally adopted the practice of using administrative transfers . . . to discipline employees . . . to circumvent the bargained-for grievance process." Thus, the Board concluded that Jenkins' transfer was a disciplinary measure subject to mandatory bargaining in good faith. The Board then determined that LVMPD's refusal to hear Jenkins' grievance and its use of an administrative transfer as a disciplinary method each constituted a refusal to bargain in good faith in violation of NRS 288.270(1)(a), (e). Finally, the Board concluded that LVMPD's practice of using administrative transfers to discipline employees violates NRS 288.270(1)(a), (e).

Consequently, the Board ordered LVMPD to reinstate Jenkins to property crimes supervisor at the earliest opportunity with ADP of 8%, provide Jenkins with the ADP of 8% that he lost since his transfer, post a notice stating that LVMPD will not use administrative transfers as a means of imposing discipline upon an employee, and pay attorney fees and

costs. The "award" of attorney fees and costs did not include a specific amount because the Board had not received the requisite information.

On February 25, 2013, LVMPD filed a petition for judicial review with the District Court of Clark County, Nevada. On March 26, 2013, the Board entered a separate order specifying the amount of attorney fees and costs to which Jenkins and the PMSA were entitled. In response, on April 9, 2013, LVMPD amended its petition for judicial review to expressly challenge that award. The district court denied LVMPD's petition, and this appeal follows.

## DISCUSSION

"When reviewing a district court's denial of a petition for judicial review of an agency decision, this court engages in the same analysis as the district court." *Taylor v. Dep't of Health and Human Servs.*, 129 Nev., Adv. Op. 99, 314 P.3d 949, 951 (2013) (internal quotation omitted). Accordingly, we apply the standards listed in NRS 233B.135(3) to determine whether the administrative agency's decision was clearly erroneous or constituted an abuse of discretion. *See id.* In making this determination, "this court defer[s] to an agency's interpretation of its governing statutes or regulations if the interpretation is within the language of the statute." *Id.* (alteration in original) (internal quotation omitted). Other questions of law we review de novo. *See Bisch v. Las Vegas Metro. Police Dep't*, 129 Nev., Adv. Op. 36, 302 P.3d 1108, 1112 (2013). Finally, we will uphold findings of fact when supported by substantial evidence, or "evidence that a reasonable person would accept as adequate to support [the] conclusion." *Id.* "[W]here conflicting evidence exists, all favorable inferences must be drawn towards the prevailing

party." *Yamaha Motor Co. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998).

*Jurisdiction of the Board to hear the complaint*

LVMPD initially contends that the Board mischaracterized Jenkins' transfer as disciplinary. According to LVMPD, because Jenkins' transfer was actually administrative and he failed to exhaust his contractual remedies under Article 23 of the CBA, either the Board lacked jurisdiction to entertain the complaint or there was no justiciable controversy.

As an initial matter, whether an employee transfer is disciplinary or administrative in nature is a question of fact. *See Muhammad v. New York City Transit Auth.*, 52 F. Supp. 3d 468, 482 (E.D.N.Y. 2014) (indicating that whether a transfer was disciplinary in nature in a Title VII religious discrimination action was a question of fact); *Black v. City & Cnty. of Honolulu*, 112 F. Supp. 2d 1041, 1058 (D. Haw. 2000) (stating that "whether the disciplinary action was legitimate" is a question of fact for a conspiracy claim). In determining whether the transfer is disciplinary in nature, we note that "discipline" means to punish. *City of Reno v. Reno Police Protective Ass'n*, 118 Nev. 889, 900, 59 P.3d 1212, 1220 (2002). Here, we conclude the Board's finding that the transfer was disciplinary is supported by the transfer notice, Captain Greenway's testimony, and the reduction in pay and benefits associated with Jenkins' transfer. Because this evidence would allow a reasonable person to accept the Board's finding that Jenkins' transfer was disciplinary, the finding is supported by substantial evidence. We therefore will not disturb this finding on appeal.

Further, this court reviews challenges to subject matter jurisdiction de novo. *See Deja Vu Showgirls v. State, Dep't of Taxation*, 130 Nev., Adv. Op. 73, 334 P.3d 392, 397 (2014). NRS 288.110(2) states that "[t]he Board may hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of [NRS Chapter 288] by any local government employer, local government employee or employee organization." NRS 288.280 also provides that "[a]ny controversy concerning prohibited practices may be submitted to the Board." Construing these provisions in *City of Reno*, we "recognized that the EMRB has exclusive jurisdiction over unfair labor practice issues," including "the prohibited practice of unilaterally changing a subject of mandatory bargaining." 118 Nev. at 895, 59 P.3d at 1217. Thus, we must determine whether the complaint alleged that LVMPD committed a violation under NRS Chapter 288. *See Rosequist v. Int'l Ass'n of Firefighters Local*, 118 Nev. 444, 448-49, 49 P.3d 651, 653-54 (2002), *overruled on other grounds by Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 170 P.3d 989 (2007).

NRS Chapter 288 requires a local government employer to negotiate in good faith regarding the mandatory subjects of bargaining. NRS 288.150(1). Mandatory subjects include, among others, "[d]ischarge and disciplinary procedures" and "[g]rievance and arbitration procedures for resolution of disputes relating to interpretation or application of collective bargaining agreements." NRS 288.150(2)(i), (o); *see Int'l Ass'n of Firefighters, Local #1285 v. City of Las Vegas*, 104 Nev. 615, 620, 764 P.2d 478, 481 (1988) (holding that an employer's action of suspending an employee because of his larceny charge was a disciplinary action subject for grievance and arbitration). Subjects "reserved to the local government

employer without negotiation include . . . the right to hire, direct, assign or transfer an employee, but exclud[e] the right to assign or transfer an employee as a form of discipline." NRS 288.150(3), (3)(a). NRS Chapter 288 also prohibits a local government employer from "[i]nterfer[ing], restrain[ing] or coerc[ing] any employee in the exercise of any right guaranteed under [NRS Chapter 288]" and from "[r]efus[ing] to bargain collectively in good faith with the exclusive representative as required in NRS 288.150." NRS 288.270(1)(a), (e).

The complaint included claims for breach of the CBA and the covenant of good faith and fair dealing. Each of these claims is based on LVMPD's use of the purported administrative transfer as a pretense for disciplining Jenkins and LVMPD's subsequent refusal to accept Jenkins' filed grievance. These claims and their bases arise out of the interpretation and performance of provisions under NRS Chapter 288, including LVMPD's obligation to negotiate in good faith for disciplinary and grievance procedure changes and to refrain from restraining Jenkins in his attempt to exercise his right to grieve the disciplinary transfer under the CBA. Each of the claims amounts to an allegation of an unfair labor practice in violation of the CBA and NRS Chapter 288. Accordingly, we conclude that the Board had jurisdiction to entertain the complaint.

*The Board's conclusion regarding LVMPD's unilateral adoption of the practice of using administrative transfers*

LVMPD argues that the Board's determination that LVMPD had been using administrative transfers in violation of NRS 288.270 improperly deprived LVMPD of its statutory and contractual rights to

conduct administrative transfers.[1] LVMPD further asserts that Article 23 of the CBA permits LVMPD to use an administrative transfer "[w]henever performance or conduct issues arise," and NRS 288.150(3), (5) guarantees that permission.

LVMPD's primary argument related to its contractual rights to exercise an administrative transfer hinges on its incorrect assertion that Jenkins' transfer was non-disciplinary. Because Jenkins' transfer was disciplinary, this basis for LVMPD's argument fails.

Whether Article 23 of the CBA would apply because a transfer was based on "conduct," regardless of the disciplinary nature of the transfer, is a question of contractual interpretation. As a question of law outside of the Board's governing statute and regulations, this court reviews interpretation of the CBA de novo. *See Galardi v. Naples Polaris, LLC*, 129 Nev., Adv. Op. 33, 301 P.3d 364, 366 (2013) (stating that appellate review of contractual interpretation is de novo). Despite competing arguments for construing the CBA, neither party claims that any provision in the agreement is ambiguous. Thus, the issue becomes whether Article 12 or 23 governs the CBA when an employee is transferred for disciplinary reasons.

---

[1]LVMPD also appears to contend that the Board lacked substantial evidence to support its finding that LVMPD regularly engaged in the practice of using administrative transfers to discipline employees to avoid the grievance process because the witness statements the Board relied on were neither evidentiary nor judicial admissions and therefore insufficient to support the finding. We disagree and conclude that the Board's finding that LVMPD "has unilaterally adopted the practice of using administrative transfers . . . to discipline employees . . . to circumvent the bargained-for grievance process" is supported by substantial evidence.

Based on the language found in both Articles 12 and 23, when LVMPD uses a transfer for disciplinary purposes—with the intention of punishing the transferee—Article 12 applies and requires LVMPD to allow the grievance process. *See City of Reno*, 118 Nev. at 900, 59 P.3d at 1220; *see also* NRS 289.010(4) (defining punitive action as "any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand or transfer of a peace officer for purposes of punishment"). Thus, using administrative transfers for disciplinary purposes would constitute a unilateral change of provisions required to be bargained-for under NRS Chapter 288. Accordingly, we conclude the Board's decision that LVMPD's widespread use of administrative transfers for disciplinary purposes without engaging in the bargaining process violated NRS 288.270 was correct.

We also reject LVMPD's arguments that the Board's decision violates its statutory rights under NRS Chapter 288. First, LVMPD relies on its incorrect assertion that the transfers at issue are non-disciplinary, arguing that rights involving such transfers are therefore not required to be bargained-for. When speaking of matters reserved for local government employers, NRS 288.150(3)(a) specifically excludes "the right to assign or transfer an employee as a form of discipline." Accordingly, because the Board found that LVMPD was wrongfully using administrative transfers for disciplinary purposes, this argument fails.

Next, LVMPD implies that NRS 288.150(5) empowered it to use an administrative transfer for disciplinary purposes. This court has never construed this provision to empower a local government employer to unilaterally override a mandatorily bargained-for disciplinary procedure contained in a collective bargaining agreement, even when the statutory

provision is expressly included in that agreement. *See Int'l Ass'n of Firefighters, Local # 1285 v. City of Las Vegas*, 112 Nev. 1319, 1323-25, 929 P.2d 954, 957 (1996) (concluding that a firefighter trainee was entitled to arbitration by the article in the applicable collective bargaining agreement governing grievances and disputes, despite the verbatim language of NRS 288.150(5) included in the agreement).

Here, Article 12 of the CBA unequivocally provides the procedures for disciplinary disputes, which includes an employee's right to file a grievance. We will not construe NRS 288.150(5) to empower a local government employer to unilaterally rewrite a provision that was mandatorily bargained-for. Because the Board's decision did not deprive LVMPD of any contractual or statutory rights, we affirm the Board's decision.

*The Board's award of assignment differential pay*

LVMPD contends that the Board could not award Jenkins ADP because there is no property right in such pay under the CBA. NRS 288.110(2) states that "[t]he Board, after a hearing, if it finds that the complaint is well taken, may order any person to refrain from the action complained of or to restore to the party aggrieved any benefit of which the party has been deprived by that action." This court has previously concluded that this language is plain and unambiguous. *See City of Henderson v. Kilgore*, 122 Nev. 331, 335, 131 P.3d 11, 14 (2006) (concluding that pursuant to NRS 288.110(2), the Board does not have authority to grant an injunction until after it has held a hearing and found the complaint is well taken).

Here, the Board held a hearing, found that the complaint was well taken, and issued a remedy to restore the benefits Jenkins was deprived of based on LVMPD's unfair labor practice, which included back-

Supreme Court
of
Nevada

(O) 1947A

10

pay for the ADP of 8% that he lost as a patrol sergeant and being presently restored to receive the ADP of 8%. Therefore, we conclude that the Board did not commit clear error on this issue, and we affirm its decision.

*Jurisdiction of the Board to award attorney fees and costs*

LVMPD argues that the Board erroneously awarded respondents attorney fees and costs because Jenkins was not a prevailing party. Alternatively, LVMPD claims that the Board lacked jurisdiction to award attorney fees and costs because LVMPD's filing of a petition for judicial review vested all jurisdiction with the district court.

"The Board may award reasonable costs, which may include attorneys' fees, to the prevailing party." NRS 288.110(6). "It is generally accepted that where an order of an administrative agency is appealed to a court, that agency may not act further on that matter until all questions raised by the appeal are finally resolved." *Westside Charter Serv. Inc. v. Gray Line Tours*, 99 Nev. 456, 459, 664 P.2d 351, 353 (1983). "The rule is based on common sense" to ensure that a "court's jurisdiction over the subject matter of an appeal must be complete and not subject to being interfered with or frustrated by concurrent action by the administrative body." *Id.* (quoting *Fischback & Moore of Alaska, Inc. v. Lynn*, 407 P.2d 174, 176 (Alaska 1965), *overruled on other grounds by City & Borough of Juneau v. Thibodeau*, 595 P.2d 626 (Alaska 1979)). However, "[o]peration of the rule is limited to situations where the exercise of administrative jurisdiction would conflict with the proper exercise of the court's jurisdiction." *Id.* (internal quotation omitted).

This court has stated "that a final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as

attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424, 426, 996 P.2d 416, 417 (2000). This is because "[a] post-judgment order awarding attorney's fees and/or costs may be appealed as a special order made after final judgment, pursuant to NRAP 3A(b)(2)." *Id.* Here, the Board's original order included an award for costs and attorney fees in an unspecified amount; it did not finally resolve that issue. After more than ten days, making the Board's decision final for purposes of NRS 233B.130,[2] pursuant to NAC 288.360(3), LVMPD filed its petition for judicial review. Then, the Board filed a second order awarding the monetary amount of attorney fees and costs. More than ten days after that order, making it final for purposes of review, LVMPD amended its petition for judicial review to challenge the Board's award of attorney fees and costs.

Therefore, the award of attorney fees and costs was not properly before the district court upon LVMPD's filing of its original petition for judicial review because the Board had not yet actually determined the specific award. Because the award was not determined by the first order, we conclude that the Board was not precluded from taking subsequent action on the issue because it was outside of the scope of LVMPD's original petition for judicial review. Ten days after the Board filed its second order awarding attorney fees and costs, that order became a final judgment for purposes of NRS 233B.130. Accordingly, when LVMPD amended its petition for judicial review to include a challenge to that final order, the issue of attorney fees and costs was properly before

---

[2]We note that NRS 233B.130 has been amended by 2015 Nevada Laws Ch. 160 (A.B. 53).

the district court.  Thus, we conclude that the Board had jurisdiction to award Jenkins attorney fees and costs.  Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____ , C.J.
Hardesty

_____ , J.
Parraguirre

_____ , J.
Douglas

_____ , J.
Cherry

_____ , J.
Saitta

_____ , J.
Gibbons

_____ , J.
Pickering

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Ronald J. Israel, District Judge
Thomas J. Tanksley, Settlement Judge
Marquis Aurbach Coffing
Aldrich Law Firm, Ltd.
Attorney General/Las Vegas
Eighth District Court Clerk