*This order is replaced by the amended order filed on 8/3/17.*

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HALF DENTAL FRANCHISE, LLC, A NEVADA LIMITED LIABILITY COMPANY; HDM, LLC; CHAYSE MYERS, AN INDIVIDUAL RESIDING IN UTAH; AND MATT BAKER, AN INDIVIDUAL RESIDING IN UTAH,
Appellants,
vs.
ROBERT HOUCHIN; AND PRECISION DENTAL PROFESSIONALS, LLC,
Respondents.

No. 69577

**FILED**

JUL 27 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____ S. Young
DEPUTY CLERK

## *ORDER OF REVERSAL*

This is an appeal from a district court order denying a motion to confirm arbitration as to respondent Robert Houchin and a district court order granting a motion to dismiss as to respondent Precision Dental Professionals, LLC, for lack of jurisdiction. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.

Pursuant to a franchise agreement arbitration clause, appellants Half Dental Franchise, LLC, HDM, LLC, Chayse Myers, and Matt Baker (collectively, Half Dental) filed an arbitration demand against respondents Robert Houchin and Precision Dental Professionals, LLC, as well as others. The claims included: breach of contract, breach of implied covenant of good faith and fair dealing, tortious interference, breach of fiduciary duty, conversion and embezzlement, unjust enrichment, civil conspiracy, and declaratory relief. A panel of three arbitrators found that all parties named, including Precision Dental and Houchin, were proper parties. Following a 5-day arbitration hearing, the arbitrator granted Half Dental declaratory and injunctive relief and awarded it damages

totaling $6,698,065.75. A complaint was eventually filed in the district court seeking declaratory and injunctive relief. Half Dental filed various counterclaims, moved the district court for confirmation of the arbitration award, and sought entry of a judgment in its favor. The district court granted, in part, the motion to confirm the arbitration award and entered judgment in favor of Half Dental.

Meanwhile, Precision Dental filed a motion to dismiss Half Dental's counterclaims arguing that the district court lacked jurisdiction, which the district court granted. And Houchin moved to vacate the judgment against him. After conducting a hearing on the motion, the district court agreed that the arbitrator exceeded his power when he found that he had authority over Houchin and the court thus granted the motion and vacated the judgment.[1] Half Dental timely appealed.

---

[1]We note that in his answering brief, Houchin includes a statement of the facts that differs from those laid out by Half Dental. However, Houchin's statement of facts does not include any citations to the record. *See* NRAP 28(e)(1) ("[E]very assertion in briefs regarding matters in the record shall be supported by a reference to the page and volume number, if any, of the appendix where the matter relied on is to be found."). Particularly of note, as Half Dental points out, Houchin asserts that he filed a declaration in the district court which included "uncontroverted" statements in support of his motion to vacate. The majority of the answering brief relies upon quotes from a declaration that does not appear in the appendices to the briefs, and therefore, this court need not consider the argument. *Allianz Ins. Co. v. Gagnon*, 109 Nev. 990, 997, 860 P.2d 720, 725 (1993). While Houchin eventually filed a motion for leave to file a supplemental appendix to include the declaration, he did so approximately six months after filing his answering brief, NRAP 30(e) ("A respondent's appendix shall be served and filed with respondent's answering brief."), and failed to demonstrate cause for the untimely submission. The motion was also filed only six days before oral argument and was denominated an

*continued on next page . . .*

*The district court erred in ruling that the arbitrator lacked authority over Houchin*

This court reviews a district court's order vacating an arbitration award de novo. *Thomas v. City of N. Las Vegas*, 122 Nev. 82, 97, 127 P.3d 1057, 1067 (2006).

A district court is permitted to vacate an arbitration award if it "was procured by corruption, fraud or other undue means"; the arbitrator was biased, corrupt, or committed misconduct prejudicing a party; the arbitration should have been postponed or was not conducted in accordance with proper procedures resulting in prejudice to a party; "[a]n arbitrator exceeded his or her powers"; "[t]here was no agreement to arbitrate"; or there was no notice of the arbitration. NRS 38.241(1)(a)-(f).

Half Dental argues that the district court made two errors in determining that the arbitrator lacked authority over Houchin. Half Dental first argues that the district court erroneously conducted a de novo review of the arbitrator's decision. We disagree. "[T]he scope of judicial review of an arbitration award is limited and is nothing like the scope of an appellate court's review of a trial court's decision." *Health Plan of Nev., Inc. v. Rainbow Med., LLC*, 120 Nev. 689, 695, 100 P.3d 172, 176 (2004).

---

*. . . continued*

"emergency" pursuant to NRAP 27(e). However, appellants' reply brief, which was filed more than four months before oral argument, alerted Houchin to the answering brief's shortcomings, and any emergency was of Houchin's own making. Accordingly, Houchin's motion for leave to file a supplemental appendix is denied. NRAP 27(e)(1) ("If an emergency motion is not filed at the earliest possible time, the court may summarily deny the motion.").

As such, where "there is a colorable justification for the outcome, the award should be confirmed." *Id.* at 698, 100 P.3d at 178. Accordingly, because the arbitrator provided "colorable justification" for finding Houchin bound to arbitration by the theory of estoppel based on the signed franchise agreement and several e-mails Houchin exchanged acknowledging his awareness of the franchise agreement, the district court erred in conducting a de novo review of the arbitrator's decision.

Half Dental also argues that the district court erred in determining arbitrability, because arbitrability was a decision for the arbitrator, and not for the court. In supporting this argument, Half Dental points to the franchise agreement's arbitration clause, which states that "[t]he arbitrator, and not a court, will decide any questions relating in any way to the parties' agreement or claimed agreement to arbitrate . . . ."

Generally, the question of arbitrability is viewed as a question to be decided by the court, rather than the arbitrator. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 546-47 (1964); *Atkinson v. Sinclair Refining Co.*, 370 U.S. 238, 241 (1962). However, when the parties "clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate" is a question for the arbitrator. *AT&T Techs., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 649 (1986); *see also Int'l Ass'n of Firefighters, Local No. 1285 v. City of Las Vegas*, 112 Nev. 1319, 1323, 929 P.2d 954, 956 (1996) (holding that a court will decide the question of arbitrability "[u]nless the parties clearly and unmistakably provide otherwise in their agreement" (internal quotation marks omitted)).

Based on the specific language in the arbitration clause, we conclude that the parties "clearly and unmistakably" intended for the issue of arbitrability to be decided by the arbitrator, rather than the court.

*Int'l Ass'n of Firefighters*, 112 Nev. at 1323, 929 P.2d at 956 (internal quotation marks omitted). We thus conclude that the district court erred when it determined that the arbitrator lacked authority over Houchin and thus granted Houchin's motion to vacate the judgment.

*The district court erred in concluding that it lacked jurisdiction over Precision Dental*

This court reviews a district court's determination of personal jurisdiction de novo. *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev., Adv. Op. 5, 342 P.3d 997, 1001 (2015).

Half Dental argues that the district court erred when it conducted a personal jurisdiction minimum contacts analysis of Precision Dental's contacts with Nevada, because Precision Dental was bound by the arbitration agreement, and thus consented to jurisdiction in Nevada.[2] Comparing jurisdiction by in-state service to arbitral jurisdiction, Half Dental argues that NRS 38.244 establishes jurisdiction as a matter of law based on consent.[3] We agree.

As our sister jurisdictions have stated, "[a] party who agrees to arbitrate in a particular jurisdiction consents not only to personal jurisdiction but also to venue of the courts within that jurisdiction." *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 983 (2d Cir. 1996); *see also Terry Fashions, Ltd. v. Ultracashmere House, Ltd.*, 462 N.E.2d 252, 254

---

[2] The arbitrator found that Precision Dental was "bound to the contractual arbitration provisions of the Franchise Agreement in the same manner as . . . Houchin."

[3] NRS 38.244(2) states that "[a]n agreement to arbitrate providing for arbitration in this state confers exclusive jurisdiction on the court to enter judgment on an award."

(Ind. Ct. App. 1984) ("Under New York law, consent to arbitrate also constitutes a consent to jurisdiction."). Pursuant to the arbitration clause in this case, "[a]ll arbitration hearings shall be conducted exclusively in Las Vegas, Nevada and shall be governed substantively by the laws of the State of Nevada." We thus conclude that the parties' agreement to arbitrate in Nevada constituted consent to personal jurisdiction.

Precision Dental argues that it did not agree to arbitrate because it is a nonsignatory to the agreement. But, when the arbitrator found that Precision Dental was bound to arbitration based on estoppel, Precision Dental was subject to jurisdiction in Nevada as a matter of law and no minimum contacts analysis was necessary. Accordingly, we reverse the district court's order granting Precision Dental's motion to dismiss for lack of personal jurisdiction.

For the reasons set forth above, we

ORDER the judgments of the district court REVERSED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                       Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Nancy L. Allf, District Judge
Stephen E. Haberfeld, Settlement Judge
Hoole & King, L.C.
Snell & Wilmer, LLP/Las Vegas
Michael B. Lee
Horne Slaton, PLLC
Brown, Bonn & Friedman, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A