STATE MORTGAGE COMPANY, a Corporation, Appel-
lant and Cross-Respondent, v. RIEKEN DEVEL-
OPMENT, INC., a Corporation, Respondent and
Cross-Appellant.

No. 13703

June 10, 1983                               664 P.2d 358

*Sala, McAuliffe, White & Long,* Reno, for Appellant and
Cross-Respondent.

*Edmund S. Barnett,* Incline Village, for Respondent and
Cross-Appellant.

## OPINION

*Per Curiam:*

Appellant State Mortgage Company (State) appeals from a
judgment of the district court awarding respondent Rieken
Development, Inc. (Rieken) $21,100 in damages as compensa-
tion for State's anticipatory repudiation of its contract with
Rieken. Rieken appeals from that portion of the judgment lim-
iting the amount of interest awarded to Rieken.

State contends that the district court erred in determining that State had anticipatorily repudiated its contract with Rieken. State believes that it was Rieken that anticipatorily repudiated the parties' contract. In finding an anticipatory repudiation on State's part, however, the district court chose to believe Rieken's version of the facts. Such a finding was within the court's discretion. Substantial evidence exists in the record to sustain the district court's factual determination. We will, therefore, not disturb that determination on appeal. Jacobson v. Best Brands, Inc., 97 Nev. 390, 632 P.2d 1150 (1981); Covington Bros. v. Valley Plastering, Inc., 93 Nev. 355, 360, 566 P.2d 814, 817 (1977). Accordingly, this portion of the district court's judgment is affirmed.

Rieken, on cross-appeal, contends that the district court erred in not awarding prejudgment interest pursuant to NRS 99.040,[1] at the rate of 8 percent per annum from the date State repudiated its agreement. We agree. In the present case, the district court's judgment specified that interest on the $21,100 damage award would commence running from the date the judgment was entered. NRS 99.040(1) applies to all contracts and requires that interest be paid on all sums from the time they become due. Checker, Inc. v. Zeman, 86 Nev. 216, 467 P.2d 100 (1970). Thus, the district court should have awarded Rieken prejudgment interest from January 16, 1980, the date State repudiated the contract. Accordingly, this portion of the judgment is reversed and remanded. The district court is instructed to modify its judgment to allow prejudgment interest to Rieken at the rate of 8 percent per annum commencing January 16, 1980.

Affirmed in part; reversed and remanded in part.

---

[1]NRS 99.040, at the time Rieken's cause of action arose, provided in pertinent part that:

> When there is no express contract in writing fixing a different rate of interest, interest shall be allowed at the rate of 8 percent per annum upon all money from the time it becomes due, in the following cases:
> 1. Upon contracts, express or implied, other than book accounts.
> . . . .

In 1981, NRS 99.040 was amended to allow 12 percent interest. Rieken has not argued that this amendment applies.