IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTOPHER HOMES RIDGES, LLC,
A NEVADA LIMITED LIABILITY
COMPANY,
Appellant/Cross-Respondent,
vs.
MEIME, LLC, A NEVADA LIMITED
LIABILITY COMPANY,
Respondent/Cross-Appellant.

No. 76406

FILED

FEB 05 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal and cross-appeal from a district court judgment and a post-judgment order denying a motion for attorney fees in a contract action. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.[1]

Respondent/cross-appellant MEIME, LLC entered into an agreement to purchase three homes from appellant/cross-respondent Christopher Homes Ridges, LLC (Christopher). Before Christopher finished construction on the third home,[2] MEIME sought a price reduction pursuant to a price protection clause in the parties' contract. Christopher asserted that the price protection clause had not been triggered, denied MEIME's request, and stopped construction on the third home pending resolution of the parties' price dispute. MEIME initiated arbitration pursuant to the contract's mandatory arbitration clause, but the parties

_____

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

[2]The first and second homes are not at issue in here and we do not recount the facts except as necessary to our disposition.

20-04973

agreed to proceed before the district court to reduce costs. After a bench trial,[3] the district court found that MEIME had repudiated the contract, which excused Christopher from further performance, and entered judgment in Christopher's favor. The district court denied Christopher's later motion for attorney fees.

Addressing the cross-appeal first, MEIME argues that the district court erred by finding that it repudiated the contract, claiming its actions evidenced an intention to perform under the contract. *See Covington Bros. v. Valley Plastering, Inc.*, 93 Nev. 355, 360, 566 P.2d 814, 817 (1977) (holding that anticipatory repudiation must be clear and unequivocal and should be determined by looking at the totality of the circumstances). It appears that the district court relied primarily on trial testimony and email communications in finding that MEIME repudiated the parties' contract in May 2009. MEIME's appendix, however, contains only select portions of the trial transcript and emails. The provided transcripts and documents support the district court's decision, and we must presume that any missing portion of the record also supports the district court's findings. *See Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."); *see also* NRAP 30(b)(3) (requiring an appellant's appendix to include "any . . . portions of the record essential to [this court's] determination of [the] issues raised in

---

[3]This matter stems from the second bench trial. This court reversed the judgment from the first bench trial and remanded for further proceedings in *MEIME, LLC v. Christopher Homes Ridges, LLC*, Docket No. 68714 (Order Vacating and Remanding, May 11, 2016).

appellant's appeal"). Thus, having considered the parties' arguments and appendices, we perceive no error in the district court's conclusion that MEIME repudiated the parties' contract. *See Wells Fargo, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (upholding a district court's factual findings following a bench trial unless they are clearly erroneous); *State Mortg. Co. v. Rieken Dev., Inc.*, 99 Nev. 483, 484, 664 P.2d 358, 359 (1983) (reviewing a repudiation decision to see if substantial evidence supports the district court's findings).

The parties' contract provided for the non-prevailing party to pay the prevailing party's attorney fees incurred in "[a] legal action to compel arbitration, or [in] arbitration" proceedings. On appeal, Christopher argues that the district court erred by denying its request for attorney fees in light of this provision. Christopher argues that, by waiving the mandatory arbitration clause and proceeding in district court, MEIME also agreed to modify the attorney fee provision to allow an award of fees incurred in litigation rather than arbitration. We disagree. While parties to an agreement may agree to modify its terms, MEIME presented no evidence, and we see none in the record, that the parties here agreed to any such modification. *See Clark Cty. Sports Enters., Inc. v. City of Las Vegas*, 96 Nev. 167, 172-73, 606 P.2d 171, 175 (1980) (holding that evidence of mutual consent to modify contractual terms must be proven by clear and convincing evidence). And, as written, the contract only permits an award of attorney fees incurred during arbitration or during a suit compelling arbitration, which did not occur here. Accordingly, the district court did not err in denying the motion. *See Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012) (holding that a denial of attorney fees is generally reviewed for an abuse of discretion, but whether a contract authorizes a fee award

requires de novo review); *Canfora v. Coast Hotels & Casinos, Inc.*, 121 Nev. 771, 776, 121 P.3d 599, 603 (2005) (explaining that "when a contract is clear on its face, it will be construed from the written language and enforced as written" (internal quotation marks omitted)).[4] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____Pickering_____, C.J.
Pickering

_____Hardesty_____, J.          _____Douglas_____, Sr. J.
Hardesty                              Douglas


cc:   Hon. Richard Scotti, District Judge
      The Hayes Law Firm
      Kaempfer Crowell/Las Vegas
      Kaempfer Crowell/Reno
      Eighth District Court Clerk

---

[4]Christopher also asserts that equitable estoppel bars MEIME from arguing that the contract did not allow an award of attorney fees due to MEIME's conduct throughout the underlying dispute. We decline to address this argument because Christopher raises it for the first time on appeal and because it would require this court to make factual findings in the first instance. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that an argument not raised in the district court is "waived and will not be considered on appeal"); *see also Ryan's Express Transp. Servs., Inc. v. Amador Stage Lines, Inc.*, 128 Nev. 289, 299, 279 P.3d 166, 172 (2012) ("An appellate court is not particularly well-suited to make factual determinations in the first instance.").

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.